STOKER, Judge.
This case involves a matter which is incidental to a medical malpractice claim. Alleging that such a claim had been asserted against them, defendant physicians and St. Paul Fire and Marine Insurance Company filed a petition seeking to have the malpractice claimant (Jessie Landry) withdraw the name of Dr. John V. Ferazzano as her selection for the medical review panel to be convened under the provisions of LSA-R.S. 40:1299.47. Dr. Ferazzano’s partner in the practice of medicine, Dr. John Kempf, had been consulted by Jessie Landry’s attorney concerning medical matters relative to the merits of the malpractice claim and apparently still acts as medical advisor to Jessie Landry and her counsel with respect to the malpractice claim.
After a hearing on a rule to show cause, the trial court directed that Dr. Ferazzano’s *966 name be withdrawn as a member of the medical review panel. Jessie Landry has appealed.
The principal issue on appeal is: May a medical doctor sit as a medical review panelist where one of his partners in a medical practice has served as medical consultant to the medical malpractice claimant (and will probably continue to do so)?
In our opinion the answer to this question is no.
Our conclusion regarding this question is based on the fact that the statute requires that a medical review panelist “represent neither side”.
LSA-R.S. 40:1299.470(5) provides:
“(5) Before entering upon their duties, each voting panelist shall subscribe before a notary public the following oath:
T, (name) do solemnly swear/affirm that I will faithfully perform the duties of medical review panel member to the best of my ability and without partiality or favoritism of any kind. I acknowledge that I represent neither side and that it is my lawful duty to serve with complete impartiality and to render a decision in accordance with law and the evidence.’
The attorney panel member shall subscribe to the same oath except that in lieu of the last sentence thereof the attorney’s oath shall state:
T acknowledge that I represent neither side and that it is my lawful duty to advise the panel members concerning matters of law and procedure and to serve as chairman.’
The original of each oath shall be attached to the opinion rendered by the panel.”
Without reference to what Dr. Fer-azzano may know concerning Dr. Kempf’s knowledge of the facts of this particular case or any medical opinions Dr. Kempf may hold concerning the facts, we believe that the legislative intent requires that members of the same medical partnership not serve both as consultants and medical review panelists. We decide the question solely as a general proposition, giving effect to the legislative prescription, and also with an eye to the precedent value of our ruling for future cases which may arise. Therefore, we affirm the trial court’s judgment holding that Dr. Ferazzano may not serve.
On behalf of defendant-in-rule Jessie Landry it is argued that the trial court’s judgment should be reversed on the basis of the holding in Derouen v. Kolb, 397 So.2d 791 (La.1981). The facts of the case before us are not precisely the same as those present in the Derouen case and for that reason this case is distinguishable from Der-ouen.
The dispositive portion of the trial court’s judgment which is appealed from reads as follows:
“IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Jessie Landry, through her attorney of record, Mr. Donald J. Richard, be and they are hereby directed to withdraw the name of Dr. John V. Ferazzano, Opelousas, Louisiana, as a member of the medical review panel to be constituted for the review of this case and that they name and select in his place any other duly qualified physician with whom they have had no contact and who has not been consulted by them regarding this case, said physician to serve as one of the members of said medical review panel;
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the delays set forth in LSA-R.S. 40:1299.47 with regard to the selection of panel members and the completion of the panel’s review have been suspended during the pendency of this proceeding and the attorney-chairman of the panel shall be provided with a certified copy of this Judgment as evidence thereof.”
Jessie Landry assigns as an additional error, and apparently in the alternative, that portion of the trial court judgment which ordered her to appoint any other physician with whom she or her attorney have had no contact and who has not been consulted by them. Appellant complains that the broadness of this order will make it *967 impossible for her or her attorney to approach any other physicians to ascertain whether they would accept an appointment to serve on the panel. Under LSA-R.S. 40:1299.470(3) each party to a medical malpractice controversy has the right to select one physician to sit on the medical review panel.
In the brief filed on behalf of appellees, their counsel conceded that appellant’s assignment in this regard has merit. It is conceded by counsel for appellees that the judgment which he prepared is overly broad and he urges that there was no intention that Jessie Landry and her counsel be inhibited in their search for another physician panelist. Hence, we will reform the judgment in this respect.
Appellant has also assigned as error that portion of the trial court’s judgment which orders a suspension of the delays set forth in LSA-R.S. 40:1299.47 with regard to the selection of panel members and the completion of the panel’s review. On behalf of appellant it is argued that the court has no authority to order such a suspension.
In considering LSA-R.S. 40:1299.47 we note that various delays are provided.
Paragraph A provides for a suspension of the general prescription for the filing of suits of this nature (which must be filed under this statutory authority against health care providers qualified under the statute) “until ninety days following the issuance of the opinion by the medical review panel . .."[1]
The filing of the request for review of a claim sets in motion certain procedural steps leading to the appointment of the four members of the medical review panel consisting of the attorney chairman and three physicians. Under LSA-R.S. 40:1299.470(3) the plaintiff in a malpractice claim must notify the attorney chairman of his choice of a physician member of the medical review panel within thirty days of the time that the commissioner of insurance notifies the attorney and all other members of the name of the attorney selected to be chairman. The defendant has 15 days after notification by the plaintiff of his choice of a physician to name his own. Certain time periods are then prescribed within which the two physicians selected by the parties shall select a third physician.
Paragraph G under LSA-R.S. 40:1299.47 provides:
“After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty days but in all events within one hundred eighty days after the selection of the last panel member, render one or more of the following expert opinions” [specified in subparagraphs one through four under Paragraph G].
Paragraph K provides:
“In the event the medical review panel after a good faith effort has been unable to carry out its duties by the end of the one hundred eighty day period, as provided in R.S. 40:1299.47(G), either party or the commissioner, after exhausting all remedies available to them under this Section, may petition the appropriate court of competent jurisdiction for an order to show cause why the panel should not be dissolved and the panelists relieved of their duties. The suspension of the running of prescription shall cease on the day the court order dissolving the medical review panel becomes final.”
After considering these various delays we are of the opinion that no prejudice results to the appellant as a result of the suspension order complained of. While there may be no specific statutory authority for the trial court to order such a suspension, we think the practical effect of the trial court’s order requiring the withdrawal of the name *968 of Dr. Ferazzano will be to cause such a suspension. Under the portions of the statute discussed above, the plaintiff has a thirty-day period in which to indicate a choice of her physician member of the medical review panel. Inasmuch as the withdrawal of Dr. Ferazzano’s name will be made upon court authority and against the wishes of appellant, equity and fairness would require that she be given an additional thirty days (after the order in question becomes final) in which to make a choice of another physician. It will follow that all other delays will not begin to run until appellant has made her choice.
In our view the suspension contained in the last paragraph of the judgment was unnecessary. Under the circumstances, we think the appropriate action for this court in this appeal is to simply delete that portion of the order.
CONCLUSION
For the foregoing reasons we affirm that portion of the trial court’s judgment which ordered, adjudged and decreed that Jessie Landry through her attorney of record, Mr. Donald J. Richard, be directed to withdraw the name of Dr. John V. Ferazzano, Opelou-sas, Louisiana, as a member of the medical review panel to be constituted for the review of this case.
In all other respects the trial court’s judgment is amended to provide that it is further ordered, adjudged and decreed that Jessie Landry, through her attorney of record, be permitted to select any other physician[2] who is qualified by law to sit as a member of the medical review panel as contemplated by LSA-R.S. 40:1299.47. It is further ordered, adjudged and decreed that the portion of the trial court’s judgment which ordered a suspension of delays set forth in LSA-R.S. 40:1299.47 be set aside and deleted with reservation in favor of appellee to claim on equitable grounds further delays as may appear appropriate and justified.
The costs of this appeal shall be assessed equally between plaintiff and defendants.
AFFIRMED IN PART; AMENDED IN PART.

. Paragraph B of LSA-R.S. 40:1299.47 provides:
“B. No action against a health care provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, the use of the medical review panel may be waived.”

. Counsel for appellee physicians suggests in appellees’ brief that this Court “can very readily remedy that situation by providing that the parties may select any duly qualified physician who has not treated the appellant or seen her as a patient, who has not been consulted by any party or any attorney to the proceedings for a review of the medical aspects of the case and an opinion thereon and who, therefore, has no prior knowledge of the matter to be considered by the panel.” We have confined ourselves to ruling on the narrow question of whether in proceedings under LSA-R.S. 40:1299.47 one member of a medical partnership may be selected by a party as a medical review panelist if another member of the partnership is serving as consultant, advisor or expert to the same party. Under the circumstances, we decline to specify any restrictions concerning the alternative selection to be made by or on behalf of appellant, Jessie Landry. It is implicit in our opinion, of course, that any selection be consistent with the views expressed herein.