579 So.2d 1083 (1991)
Claire Kelly, Wife of John S. KENEKER
v.
John S. KENEKER.
No. 91-C-173.
Court of Appeal of Louisiana, Fifth Circuit.
April 23, 1991.
*1084 John M. Gallagher, Jr., New Orleans, for relator.
Gary M. Pendergast, New Orleans, for respondent.
Before KLIEBERT, and WICKER, JJ., and ELORA C. FINK, J. Pro Tem.
ELORA C. FINK, Judge Pro Tem.
John S. Keneker seeks writs from the district court's denial of his motion to dismiss Claire Kelly Keneker's pending action under the Domestic Abuse Assistance statutes, LSA-R.S. 46:2131-46:2142. We grant the application for limited purposes, as discussed below.
The parties are divorced and are the parents of a seven-year-old daughter. Mr. Keneker lives in Louisiana; Mrs. Keneker lives in Georgia. In custody proceedings filed in this state, John Keneker was awarded primary custody of their minor daughter by judgment dated April 3, 1989. On July 24, 1989, while the child was visiting with Mrs. Keneker in Georgia, Mrs. Keneker filed a petition in the Louisiana court in which she alleged Mr. Keneker had engaged in inappropriate sexual behavior with the child. She sought a protective order pursuant to the Louisiana Domestic Abuse Assistance laws.
On the date the petition was filed, the district court issued a temporary restraining order which suspended Mr. Keneker's custody and visitation rights during the pendency of the action. On August 8, 1989, the court issued a protective order "in the form and substance of the temporary restraining order previously issued," to remain in full force and effect until August 29, 1989. A subsequent judgment in April 1990 continued the protective order in effect "until the custody issue is determined."
Hearing on the merits of the suit was continued several times to allow for psychiatric evaluations of the parties and for other reasons. Ultimately Mr. Keneker filed several motions, including the instant motion to dismiss. Following a hearing on December 17, 1990, the court ruled from the bench, denying the motion, and rendered a written judgment on March 6, 1991.
In his writ application Mr. Keneker asserts the trial court erred because the temporary restraining order and protective order have now expired by operation of law and Mrs. Keneker has failed to prove her allegations. Accordingly, he seeks to have custody of the child restored to him. In the event relief is granted on his application, he has filed a motion requesting this court to delay issuance and notification to Mrs. Keneker and her counsel because he fears she will hide the child.
In response Mrs. Keneker has filed a motion to dismiss the writ application, *1085 alleging the relator has violated the Uniform Rules of Louisiana Courts of Appeal by failing to include various pleadings in his application. As to the merits of his claims, she asserts the trial court was correct in denying the motion to dismiss and that all continuances of hearings on her petition were by consent of the parties and with the approval of the trial court, except for the latest continuance in November 1990. She asserts the status quo should be maintained until the next hearing, which is scheduled for July 2, 1991.
The Domestic Abuse Assistance statutes are part of the Protection from Family Violence Act, LSA-R.S. 46:2121-46:2142. LSA-R.S. 46:2135 provides a court may enter a temporary restraining order to protect from abuse the person on whose behalf the petition is filed. The temporary restraining order may be issued "upon good cause shown in an ex parte proceeding"; for purposes of the statute, good cause is "immediate and present danger of abuse". R.S. 46:2135(A).
If the temporary restraining order is granted without notice, the matter must be set for a contradictory hearing within ten days to show cause why a protective order should not be issued; if no temporary restraining order is granted, the court must set the rule to show cause "on the earliest day that the business of the court will permit." At that hearing "the petitioner must prove the allegations of abuse by a preponderance of the evidence." R.S. 46:2135(B) and (D).
If the hearing pursuant to R.S. 46:2135(B) or (D) is continued, "the court shall make or extend such temporary restraining orders as it deems necessary," but any continuance cannot exceed ten days. R.S. 46:2135(E).
R.S. 46:2136 provides for issuance of protective orders and states, "Any final protective order or approved consent agreement shall be for a fixed period of time, not to exceed three months, and may be extended by the court, after a contradictory hearing, in its discretion" and is subject to a devolutive appeal only. (Emphasis added.) R.S. 46:2136(D).
LSA-C.C.P. art. 3604 sets forth the requirements for the form, contents, and duration of a restraining order. The article provides that, where a temporary restraining order is issued in conjunction with an action for a protective order under the Protection from Family Violence Act, the order "shall remain in force until a hearing is held on the rule for the protective order or for thirty days, whichever occurs first; however, at any time before its expiration, it may be extended by the court for a period not exceeding thirty days."
Considering these provisions together, we conclude the Legislature did not contemplate indefinite continuances or extensions of temporary restraining orders and protective orders issued under the Domestic Abuse Assistance laws. Where such an order is to be extended, the extension must be done prior to the expiration of the order; the longest duration for a temporary restraining order is thirty days and for a protective order is three months. The brevity of these time periods requires frequent review of each situation by the court that issued the order. Further, although C.C.P. art. 3604(A) provides an ordinary temporary restraining order may be extended "for a longer period" with consent of the party against whom it is directed, the Domestic Abuse Assistance laws make no provision for indefinite extension by consent of the parties.
In the matter before us, no "final protective order" was ever entered; rather, the order was simply an extension of the original temporary restraining order. The protective order expired by operation of law prior to the hearing from which this writ was taken. See Walters v. Walters, 540 So.2d 1026 (La.App. 2 Cir.1989). The relator's consent to the prior continuances was not a waiver of his right to assert the expiration of the order.
Although the temporary restraining order has expired, the proceeding for a Domestic Abuse Assistance protective order is still viable. Accordingly, the proceeding need not be dismissed.
*1086 We summarily dismiss the relator's motion to postpone notification of Mrs. Keneker and her counsel. Rule 2-7.4, Uniform Rules of Louisiana Courts of Appeal. First, relator failed to comply with Rule 2-7.2 of our Uniform Rules, which states that unless a pleading bears a certificate showing that a copy has been served on opposing counsel, it shall not be filed or docketed. Secondly, even if we were to consider the motion's merits, a delay in notifying the opposing party of a ruling would be a violation of due process.
We also deny Mrs. Keneker's motion to dismiss the writ application. Relator's alleged failure to give notice to the ruling judge and to opposing counsel of his intention to apply for writs is not, of itself, sufficient cause for dismissing the application. Rule 4-2, Uniform Rules of Louisiana Courts of Appeal. Further, we find no violation of Rule 4-3, because the application does contain an order (handwritten) from a district judge fixing the time for filing the application. Finally, we find the relator's failure to comply with Rule 4-5(h) and (i) (attaching copies of each pleading on which the judgment was founded and of the court minutes) is not ground for dismissing the application because it was not shown to prejudice the respondent.
For the foregoing reasons, the application is granted for the following limited purpose: the temporary restraining order/protective order now in effect against the relator is vacated. The application is denied insofar as it seeks dismissal of the petition for a final protective order, however, and the matter is remanded for further proceedings. The trial court is ordered to hold a hearing within ten days of the date this order becomes final and to rule on the final protective order, custody, and visitation at that hearing.
WRIT GRANTED IN PART AND DENIED IN PART.