644 So.2d 722 (1994)
In re MEDICAL MALPRACTICE CLAIM OF Peter C. NIX.
No. 94 CA 0151.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
Adrian A. Colon Jr., Belle Chasse, for Peter C. Nix.
Peter J. Giarruso, Baton Rouge, for William H. Kinnard.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Peter C. Nix filed a medical malpractice claim against Dr. William Kinnard. Nix alleged in his petition that when Kinnard removed a rod from his back in 1983, he negligently left a wire in his back. Nix further alleged that ten years later, in March 1993, he learned about the wire when he had an x-ray taken due to back pain. Nix's malpractice claim was filed on June 10, 1993.
Before action by a medical review panel, Kinnard, a Terrebonne Parish resident, filed a "Petition for Rule to Show Cause on Exception of Prescription" in district court in Terrebonne Parish pursuant to Louisiana Revised Statute 40:1299.39.1(B)(2)(a). Kinnard also moved for sanctions against Nix under Louisiana Code of Civil Procedure article 863. The trial court denied the motion for sanctions but granted the exception of prescription and dismissed Nix's claim. Nix appeals, raising as the sole issue on appeal the constitutionality of the three-year period *723 within which to file a malpractice claim set forth in Revised Statute 9:5628.
Revised Statute 9:5628(A) provides as follows:
No action for damages for injury or death against any physician, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
(Emphasis added.)
Nix contends the three-year limitation period is unconstitutional because it violates his rights to due process, equal protection, and open access to courts guaranteed by Article 1, Section 22, of the Louisiana Constitution. While acknowledging those identical contentions were rejected by the Louisiana Supreme Court in Crier v. Whitecloud, 496 So.2d 305 (La.1986), Nix requests that this court either find Crier is not controlling or refrain from ruling while waiting for an "imminent" decision from the Louisiana Supreme Court.
We are not inclined to wait. At the time Nix's brief was filed, the issue of the constitutionality of Revised Statute 9:5628 was before the supreme court in the case of Branch v. Willis-Knighton Medical Center. That case, however, was decided on another ground without reaching the constitutionality issue. 92-3086 (La. 4/28/94); 636 So.2d 211. The supreme court also declined to reach the constitutionality issue in Hillman v. Akins, 93-0631 (La. 1/14/94); 631 So.2d 1, finding on a procedural basis that the issue was not properly before it.[1]
We agree with Nix that it seems unfair for prescription to run before a claimant even knows his cause of action exists. As an intermediate appellate court, however, we are bound by Crier until it is reversed or modified by the supreme court. For that reason, the decision of the trial court is affirmed, at Nix's cost.
AFFIRMED.
LOTTINGER, C.J., concurs in the result.
NOTES
[1] The issue is also under submission before the Fourth Circuit Court of Appeal in the case of Whitnell v. Silverman, 646 So.2d 989.