JiSAUNDERS, Judge.
In this medical malpractice action, plaintiff seeks review of the trial court’s refusal to remove a member of the medical review panel as well as its ex parte order quashing a subpoena duces tecum issued to the Patients’ Compensation Fund. We affirm the actions of the trial court.

PROCEEDINGS BELOW

Motion to Remove Physician:

Irene Whitt filed a complaint against several physicians alleging that they failed to timely diagnose her breast cancer. Pursuant to the statutes governing medical malpractice complaints, both the plaintiff and defendant nominated a physician to the medical review panel. When plaintiff learned that the physician selected by the defense, Dr. Dyer, had been the subject of a malpractice complaint |2a few years earlier, and that the defendant, Dr. McBride, had served on the medical review panel which exonerated Dr. Dyer, she filed a “Motion to Remove Physician from Medical Review Panel” alleging a potential conflict of interest. Plaintiff alleges that the history between these physicians creates the possibility of a quid pro quo situation in which Dr. Dyer might be pressured to “return the favor” by exonerating Dr. McBride’s conduct.
At the hearing on this motion, the trial judge stated that in order to agree with the plaintiffs characterization of the situation he would have to assume that the doctors would be “paying each other back.” In denying the plaintiffs motion, he noted that each side gets to select one member of the medical review panel, that the decision of the medical review panel is not binding on the trial court, and that the plaintiff would have the right to cross-examine Dr. Dyer at the trial on this matter. In concluding the hearing, the trial judge stated, “[I] can’t agree with you on— on your summation, Mr. Morton. I don’t believe that it screams out at you as being something that is improper.”

Motion to Quash:

Plaintiff filed a subpoena duces tecum which was served on the Patients’ Compensation Fund (PCF) on Wednesday, June 8, 1994, directing the PCF, which was not a party to the malpractice action, to produce certain documents at the hearing on the “Motion to Remove Physician from Medical Review Panel,” which was scheduled for Monday, June 13, 1994. The PCF filed a motion to quash this subpoena on the grounds that the request that portions of the information sought are privileged, and that the scope of the request was unreasonable and unduly burdensome. The subpoena was quashed by ex parte order dated June 9, 1994.
Plaintiff applies for writs seeking review of these actions assigning the following errors.
I ¡ASSIGNMENTS OF ERROR
Plaintiff appeals alleging the following assignments of error:
I. The trial court abused its discretion by refusing to remove a nominated medical review panelist whose nomination presents a potential conflict of interest, appearance *429 of impropriety or possible bias against the plaintiffs interests.
II. The trial court abused its discretion by granting an ex parte order quashing plaintiffs subpoena duces tecum directed to the Patient’s Compensation Fund without affording plaintiff any opportunity to be heard.

OPINION

Motion to Remove Physician:

Claims alleging medical malpractice are governed by La.R.S. 40:1299.41, et seq. As a condition precedent to filing suit, the claim must be submitted to a medical review panel, La.R.S. 40:1299.47 A, which is composed of one physician selected by the plaintiff and one physician selected by the defendant. La. R.S. 40:1299.47 C(3)(f)(ii). A third health care provider panel member is then selected by the first two members. La.R.S. 40:1299.47 C(3)(d). The panel also contains a non-voting attorney chairperson who serves primarily an administrative function. La. R.S. 40:1299.47 C(2).
Each panelist is required to take an oath swearing to perform his duties without partiality or favoritism and to recognize that he represents neither side. La.R.S. 40:1299.47 C(5).
The duty of the panel is to express its expert opinion as to whether the evidence supports a conclusion that the defendant breached the appropriate standards of care. La.R.S. 40:1299.47 G. The findings of the medical review panel are admissible as evidence in court. However, these findings are not ^conclusive and either party has the right to call any member of the medical review panel as a witness. La.R.S. 40:1299.47 H.
The only statutory provision which specifically addresses the issue of conflict of interest is La.R.S. 40:1299.47 C(7), which, in pertinent part, provides:
A panelist or the attorney chairman shall disclose in writing to the parties prior to the hearing any employment relationship or financial relationship with the claimant, the health care provider against whom a claim is asserted, or the attorneys representing the claimant or health care provider, or any other relationship that might give rise to a conflict of interest for the panelists.

MERITS

We are not presented with an employment or economic relationship. Therefore, plaintiff must rely on the portion of the statute which reads “any other relationship that might give rise to a conflict of interest for the panelists” for her proposition that any potential bias, conflict of interest, or appearance of impropriety requires removal from the medical review panel. This “catch-all” phrase is not defined in the statutory scheme; nor were we able to find any jurisprudence interpreting it. We note that La. R.S. 40:1299.47 C(7) only mandates that these relationships be disclosed in writing to the parties. It does not specify automatic disqualification from service on the panel. Rather this determination is left to the discretion of the trial court. After exploring the issue, the trial court determined that no such conflict existed, and we find no abuse of its discretion in arriving at this conclusion.
This is not to say that the physicians’ prior contact may not be introduced at the trial on the merits. Clearly, the credibility of Dr. Dyer, like any other witness, may be examined at that time and whatever weight deemed appropriate by the trier of fact may be assigned to his opinion.
[gin further support of her proposition that any potential bias, conflict of interest, or appearance of impropriety requires removal from the medical review panel, plaintiff asserts that the medical review panel serves in a quasi-judicial capacity and, therefore, a panelist must be viewed no differently than a judge. However, this analogy was specifically rejected by the Louisiana Supreme Court in Derouen v. Kolb, 397 So.2d 791 (La.1981). There, the court found that because the opinion of the medical review panel is not binding on the litigants and, therefore, does not adjudicate the rights of the parties, that “the medical review panel is not a judge nor a jury, but merely a body of experts assembled to evaluate the plaintiffs claim and to pro *430 vide the courts and the parties with an expert opinion.” Id at 794-95.
Plaintiff also cites Landry v. Martinez, 415 So.2d 965 (La.App. 3d Cir.), writ denied, 420 So.2d 443 (La.1982) in support of her position. In upholding the decision of the trial court to remove the physician, this court noted that the panelist must “represent neither side” citing La.R.S. 40:1299.47 C(5), and stated that the legislative intent required that members of the same medical partnership not serve both as consultants and medical review panelists. The court specifically limited its ruling to the narrow question of whether one member of a medical partnership may be selected by a party as a medical review panelist if another member of the partnership is serving as a consultant, advis- or or expert to the same party, circumstances addressed soon afterward in La.R.S. 40:1299.47 C(7), which was enacted by Acts 1982, No. 768. Landry is not dispositive in this case.
Plaintiff cites several New York and New Jersey cases in support of her position. However, none of these cases address the precise situation before this court, and therefore, we do not find them to be persuasive.
|6We find that the trial judge did not abuse his discretion in refusing to remove Dr. Dyer from the medical review panel.

Motion to Quash Subpoena Duces Tecum:

Counsel for the PCF argues that this writ should be dismissed with prejudice because of plaintiffs alleged failure to comply with Rule 4-2 of the Uniform Rules — Courts of Appeal which requires that notice of intent to apply for a writ be given to the trial judge and opposing counsel. However, this failure to give notice is not sufficient cause for dismissing the application. Keneker v. Keneker, 579 So.2d 1083 (La.App. 5th Cir.1991).
Louisiana Code of Civil Procedure Article 1354 requires that a reasonably accurate description be given of the documents to be produced pursuant to a subpoena duces te-cum. It further provides that a court may vacate or modify the subpoena duces tecum if it is unreasonable or oppressive.
We find that the subpoena duces te-cum issued by plaintiff to the PCF was clearly unreasonable and over broad. We further find that the subpoena was oppressive because the PCF was only given a few days to comply with the subpoena which not only called for the production of documents, but which also called for a compilation of information from those documents.
We conclude that the trial court did not abuse its discretion in quashing the subpoena duces tecum. This ruling does not prejudice the plaintiffs right to reissue the subpoena when the breadth of the request has been narrowed to comply with La.C.C.P. Art. 1354.

ItDECREE

For the foregoing reasons, the interlocutory judgments of the trial court are affirmed at plaintiffs costs.
AFFIRMED.