JiDECUIR, Judge.
Writ granted. The judgment of the trial court denying applicant’s motion for jury trial is reversed.
Clyde Boone filed a medical malpractice suit against the State of Louisiana, through the Department of Health and Hospitals (DHH) on July 13, 1995. La. R.S. 13:5105(A) was amended effective January 1, 1994, to allow for jury trials against the state or state agencies. Section 2 of Acts 1993, No. 993 provides: “This Act shall become effective January 1, 1994 and shall not apply to any suit filed before that date.” Pursuant to this provision, the DHH filed a motion for jury trial. Plaintiff filed a motion to quash defendant’s jury demand. The trial court granted plaintiffs motion to quash the jury demand, denying DHH’s request for a jury trial. DHH now seeks supervisory relief.
Although plaintiffs suit was filed after the effective date of the amendment at issue, he argues that his request for a medical review panel filed prior to the effective |2date of the amendment constitutes a suit and, thus, DHH is not entitled to a jury trial since the amendment does not apply to suits filed before January 1, 1994. We reject plaintiffs argument for the following reasons.
The jurisprudence is well-established that a civil action or suit is commenced with the filing of a pleading in a court of competent jurisdiction. Saxon v. Fireman’s Ins. Co. Of Newark, N.J., 224 So.2d 560 (La.App. 3 Cir.1969); Sims v. Sims, 247 So.2d 602 (La.App. 3 Cir.1971); and Hayes v. Woodworth Trucking Co., 353 So.2d 478 (La.App. 3 Cir.1977).
A request for a medical review panel is a prerequisite to and not the equivalent of a suit for medical malpractice. This is clear from a reading of La.R.S. 40:1299.39.1(A)(2)(a) which provides in pertinent part:
*301 The filing of the request for a review of a claim shall suspend the time within which suit must be instituted ... (Emphasis added.)
Furthermore, La.R.S. 40:1299.39.1(B)(l)(a)(i) provides:
No action against the state, its agencies, or a person covered by this Part, or his insurer, may be commenced in any court before the claimant’s complaint has been presented to a state medical review panel established pursuant to this Section. (Emphasis added.)
Additionally, La.R.S. 40:1299.39.1(H) provides in pertinent part:
Any report of the expert opinion reached by the state medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law ... (Emphasis added.)
If a request for a medical review panel must be filed prior to the filing of a suit, such a request cannot be said to be equivalent to a suit. The only instance in which a request for a medical review panel is to be considered equivalent to a suit is specifically provided for in La.R.S. 40:1299.39.1(K) which states that “For the purpose of the determination of interest, the medical malpractice panel procedure shall be considered equivalent to court procedures.” Thus, La.R.S. 40:1299.39.1(K) |3provides clearly and unambiguously that the only instance in which the review panel request and a suit shall be considered equivalent is in the calculation of interest.
Finally, a ruling that a request for a medical review panel is equivalent to a suit would lead to absurd results. Under such a ruling, a party could arguably be required to request a jury trial prior to the institution of a suit. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law is to be applied as written and no further interpretation may be made in search of the intent of the legislature. La.Civ.Code art. 9. A suit has long been defined by law, and a suit, which is commenced by filing in a court of competent jurisdiction, is not equivalent to a request for a medical review panel filed with the Commissioner of Administration.
Thus, based upon the jurisprudence and the clear and unambiguous wording of La. R.S. 40:1299.39, et seq., a request for a medical review panel is not the equivalent to a suit. The DHH is therefore, pursuant to La.R.S. 13:5105(A), entitled to a trial by jury.
The judgment of the trial court is hereby reversed, and this case is remanded for further proceedings in accordance with this opinion.
WRIT GRANTED.
THIBODEAUX, J., dissents and assigns written reasons.