774 So.2d 1071 (2000)
Bobbie F. JETER, Plaintiff-Appellant,
v.
Dr. James R. SHAMBLIN, Defendant-Appellee.
No. 34,225-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 2000.
*1072 Davidson, Nix & Jones By: Allison A. Jones, Grant E. Summers, Shreveport, Counsel for Appellant.
Mayer, Smith & Roberts, L.L.P By: Mark A. Goodwin, Shreveport, Counsel for Appellee.
Before BROWN, WILLIAMS and KOSTELKA, JJ.
KOSTELKA, J.
In this medical malpractice action, Bobbie F. Jeter ("Jeter") appeals the judgment of the trial court in favor of Dr. James R. Shamblin ("Shamblin"), rejecting her challenge of the constitutionality of La. R.S. 9:5628. Finding no error below, we affirm.

FACTS
This appeal arises from medical treatment Jeter received from Shamblin in the 1980's, and the general facts from which this appeal arises were discussed previously by this court and are adopted herein. See, Jeter v. Shamblin, 32,618 (La.App.2d Cir.02/01/00), 750 So.2d 521. In her earlier appeal, Jeter also raised the issue of the constitutionality of La. R.S. 9:5628; however, in Jeter, supra, we determined that Jeter had neither alleged the unconstitutionality of La. R.S. 9:5628 in a petition before the trial court, nor did she notify the Louisiana Attorney General of her challenge as required by La. R.S. 13:4448. Id. at 526.[1] Consequently, on that limited issue, we remanded to the trial court, allowing Jeter to specially plead the unconstitutionality of the statute and to give the requisite notice to the attorney general. Id. Upon remand to the trial court, Jeter raised the unconstitutionality issue in her Motion to Declare Section 5628 Unconstitutional.[2] The trial court again rejected Jeter's challenge to La. R.S. 9:5628, denying her motion in a judgment rendered March 3, 2000. This appeal ensued.

DISCUSSION
Initially, we note that upon remand to the trial court, the record reflects that Jeter complied with the dictates of La. R.S. 13:4448, and the Louisiana Attorney General was served with notice of the proceedings *1073 at the trial court challenging the constitutionality of this Louisiana statute. The Clerk of this court also notified, by mail, the Louisiana Attorney General of this appeal. Thus, this appeal is ripe for our review.
Jeter again contends that La. R.S. 9:5628 violates the Equal Protection Clause of the Louisiana Constitution of 1974 (La. Const. art. I of 1974, § 3). Specifically, she argues that La. R.S. 9:5628 makes an arbitrary distinction between victims of per se negligence at the hands of healthcare professionals, and victims of per se negligence at the hands of persons other than healthcare professionals.
La. Const. art. I of 1974, § 3 provides as follows:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. ...
When a statute makes distinctions among persons based upon the enumerated classes (i.e., birth, age, sex, culture, physical condition, or political ideas or affiliations), the advocate of the classification has the burden of proving that the classification has a reasonable basis. Crier v. Whitecloud, 496 So.2d 305, 310 (La.1986); Whitnell v. Silverman, 95-0112 (La.12/06/96), 686 So.2d 23, 27. However, where a statute classifies individuals on a basis other than the enumerated classes, the statute will be upheld unless the member of the allegedly disadvantaged class shows that it does not suitably further any appropriate state interest. Crier, supra; Whitnell, supra.
Additionally, we note that the legislature has wide discretion in enacting laws which affect some classifications of persons differently from others. Burmaster v. Gravity Drainage Dist. No. 2 of St. Charles Parish, 366 So.2d 1381 (La.1978); Flagship Center, Inc. v. City of New Orleans, 587 So.2d 154 (La.App. 4th Cir. 1991). It is fundamental that a statutory enactment of the legislature is presumed to be constitutional. Flagship Center, Inc., supra. Finally, the determination of prescriptive periods is at the discretion of the legislature. See, La. C.C. art. 3457; Crier, supra at 311 n. 8.
The Louisiana Supreme Court has determined previously that reducing the proliferation of medical malpractice lawsuits, thus lowering the cost of medical malpractice insurance and making health care more accessible, is an appropriate state interest for the enactment of La. R.S. 9:5628. See, Crier, supra at 308-09. However, as argued by Jeter, that "appropriate state interest" was severely questioned by the Fourth Circuit in Whitnell v. Silverman, 93-2468 (La.App. 4th Cir.11/04/94), 646 So.2d 989, which strongly doubted the reality of the "medical malpractice insurance crisis" and called for a rejection of Crier, supra. But the Fourth Circuit's rally against Crier, supra was thwarted by the Louisiana Supreme Court when Whitnell came before it on writs. It rejected the Fourth Circuit's call to overrule Crier, supra, and, therefore, Crier, supra is still controlling. See also, Valentine v. Thomas, 433 So.2d 289, 293 (La. App. 1st Cir.1983), where the court determined that La. R.S. 9:5628 bore a rational relationship to the state's interest in reducing the costs of health care to the public; In re Medical Malpractice Claim of Nix, 94-0151 (La.App. 1st Cir.10/07/94), 644 So.2d 722, 723, where the court rejected a similar challenge to the constitutionality of La. R.S. 9:5628 and determined that, pursuant to Crier, supra, the statute was constitutional.
Because the distinction raised by Jeter does not fall under an enumerated class protected by La. Const. art. I of 1974, § 3, she has the burden of proving that the statute does not suitably further any appropriate state interest. The only argument *1074 she offers against the state interest recognized by Crier, supra is the Fourth Circuit's stated skepticism of the medical malpractice insurance crisis which was rejected by our supreme court in Whitnell, 686 So.2d 23. As already stated herein, we are bound by Crier, supra and its holding that reducing the proliferation of medical malpractice lawsuits, thus lowering the cost of medical malpractice insurance and making health care more accessible, is an appropriate state interest for the enactment of La. R.S. 9:5628. We conclude that Jeter fails to meet her burden, and that, therefore, her assignment of error has no merit.

CONCLUSION
Considering the foregoing, we affirm the judgment of the trial court and assess all costs of the appeal to Jeter.
AFFIRMED.
BROWN, J., concurs. Like Crier, supra, this case does not involve an insidious disease that does not develop until many years after the causative act.
NOTES
[1] In that earlier decision, this court affirmed the trial court's granting of Shamblin's peremptory exception of prescription. Id. at 526.
[2] The underlying proceeding was initiated as a medical review panel and not a civil action; thus, there was no petition for Jeter to amend as instructed by this court in Jeter, supra.