859 So.2d 103 (2003)
John H. HOUGHTON
v.
OUR LADY OF THE LAKE HOSPITAL, INC. d/b/a Our Lady of the Lake Regional Medical Center.
No. 2003 CA 0135.
Court of Appeal of Louisiana, First Circuit.
July 16, 2003.
Sumpter B. Davis, III, Baton Rouge, for Plaintiff-Appellant John H. Houghton.
Cullen J. Dupuy, Manville F. Borne, Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, for Defendant-Appellee Our Lady of the Lake Hospital, Inc.
Before: PARRO, McDONALD, and CLAIBORNE,[1] JJ.
*104 PARRO, J.
In this medical malpractice suit, John H. Houghton[2] appeals a judgment dismissing without prejudice his claims against Our Lady of the Lake Hospital, Inc., d/b/a Our Lady of the Lake Regional Medical Center (OLOL) on the basis of an exception raising the objection of prematurity. We affirm.

BACKGROUND
Houghton was admitted to OLOL on July 7, 2000, for repair of a distal small bowel stricture; the surgery was performed July 12, 2000. He claims that during the course of his hospitalization, he was overmedicated with certain narcotic drugs and suffered permanent brain damage as a result. On July 3, 2001, Houghton commenced a medical malpractice claim against OLOL by filing a petition for review by a medical review panel with the Patient's Compensation Fund Oversight Board. In due course, a medical review panel was constituted and conducted its review.[3] The medical review panel concluded in an opinion on or about July 22, 2002, that OLOL had breached the standard of care in its treatment of Houghton.
After getting the medical review panel opinion, on August 16, 2002, Houghton filed this medical malpractice suit against OLOL (the malpractice suit);[4] coincidentally, it was allotted to the same judge in the 19th JDC as the ancillary matter. After Houghton filed the malpractice suit, OLOL filed a motion in the ancillary matter to vacate the panel's opinion and reconvene a new panel (the motion). The motion alleged that one of the panelists was a former OLOL employee, which relationship was not disclosed to the parties in writing prior to the panel's review, as required by law, and therefore, the panel was not properly constituted and its opinion should be vacated. OLOL also filed an exception of prematurity in the malpractice suit (the exception), alleging that because the panel was improperly constituted, its opinion was null and Houghton's suit was premature.[5] The district court judge in whose division both matters were filed set the motion in the ancillary matter and the exception in the malpractice suit for hearing on November 4, 2002. Following the hearing, the district court judge granted the motion in the ancillary matter and then sustained the exception in the malpractice suit, dismissing it without prejudice. Both judgments were read and signed November 15, 2002.
Houghton applied to this court for a supervisory writ in the malpractice suit, seeking to overturn the judgment granting the motion.[6] This court denied the application, stating, in pertinent part:

*105 WRIT DENIED WITH ORDER.
This court declines to exercise its supervisory jurisdiction. The trial court's judgment of November 15, 2002, sustaining Defendant's dilatory exception of prematurity and dismissing Plaintiff's suit without prejudice is a final, appealable judgment. Therefore, this court can consider the correctness of any interlocutory rulings, such as the grant of Defendant's motion to vacate, as part of the appeal process. See People of the Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (La.1968).
In the event no motion and order for appeal has been filed, it is ordered that this case be remanded to the trial court with instructions to treat Plaintiff's Notice of Intent, filed November 20, 2002, as a motion for appeal from the final judgment. See In Re Howard, 541 So.2d 195 (La.1989).
Houghton v. Our Lady of the Lake Regional Med. Ctr., 02-2493 (La.App. 1st Cir.12/30/02) (unpublished writ action). Pursuant to this court's order, an order of appeal was entered in the malpractice suit by the district court on behalf of Houghton, granting him a devolutive appeal from the November 15, 2002 judgment of dismissal.
After the appeal had been docketed, OLOL filed a motion with this court to strike from the appellate record the transcript of certain testimony from the November 4, 2002 hearing, on the grounds that this testimony was adduced in support of the motion in the ancillary matter and was not properly part of the record in the malpractice suit that was appealed. It also moved to strike Houghton's brief to this court, because it referred to matters concerning the motion and the ancillary matter, which were outside the record in the malpractice suit. This court granted OLOL's motion to strike the partial transcript from the hearing and deferred to the merits the motion to strike Houghton's brief. According to Houghton's brief to this court in response to the OLOL motions to strike, it was only when those motions were filed that Houghton's attorney realized the motion to vacate had been filed in the ancillary matter, not the malpractice suit.
Thereafter, Houghton moved to supplement the appellate record in the malpractice suit with the entire record from the ancillary matter, particularly the transcript of the hearing at which both the motion and the exception were argued, so this court would have before it the entirety of the factual evidence upon which the judgment of dismissal in the malpractice suit was based. At this point, the appellate record in the malpractice suit did not include any of the transcript from that hearing, including the district court's oral reasons explaining its conclusions on both matters. Realizing then that both matters had been taken up by the district court in a single hearing, this court granted the motion, and a supplementary record was filed with this court.

APPLICABLE LAW
Under the Louisiana Medical Malpractice Act (the Act),[7] all medical malpractice claims against qualified health care providers must be submitted to a medical review panel for consideration. See LSA-R.S. 40:1299.47(A)(1). No civil action against a qualified health care provider or its insurer may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to the Act. See LSA-R.S. 40:1299.47(B)(1)(a)(i). A request for a medical review panel is a *106 prerequisite to and not the equivalent of a suit for medical malpractice. Boone v. State, through the Dep't of Health and Hosp., 97-321 (La.App. 3rd Cir.3/6/98), 709 So.2d 300, 300, writ denied, 98-0945 (La.5/15/98), 719 So.2d 468.
Louisiana Code of Civil Procedure article 926 provides for the dilatory exception of prematurity. Prematurity contemplates that the action taken by the petitioner occurs prior to some requisite procedure or assigned time. Jones v. Crow, 633 So.2d 247, 249 (La.App. 1st Cir.1993). A suit is premature if it is brought before the right to enforce the claim sued on has accrued. LSA-C.C.P. art. 423. Prematurity is determined by the facts existing at the time suit is filed. Hidalgo v. Wilson Certified Exp., Inc., 94-1322 (La.App. 1st Cir.5/14/96), 676 So.2d 114, 116; Allied Signal, Inc. v. Jackson, 96-0138 (La.App. 1st Cir.2/14/97), 691 So.2d 150, 157 n. 9, writ denied, 97-0660 (La.4/25/97), 692 So.2d 1091. The dilatory exception of prematurity is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for an opinion by a medical review panel before filing suit against the provider. See Spradlin v. Acadia-St. Landry Med. Found., 98-1977 (La.2/29/00), 758 So.2d 116, 119; Saia v. Asher, 01-1038 (La.App. 1st Cir.7/10/02), 825 So.2d 1257, 1259 n. 3. If a lawsuit against a health care provider covered by the Act has been commenced in a court and the complaint has not been first presented to a medical review panel, the exception of prematurity must be sustained, and the claimant's suit must be dismissed. Dunn v. Bryant, 96-1765 (La. App. 1st Cir.9/19/97), 701 So.2d 696, 699, writ denied, 97-3046 (La.2/13/98), 709 So.2d 752.
The duty of the medical review panel is to express its expert opinion as to whether the evidence supports a conclusion that the health care provider breached the appropriate standards of care. See LSA-R.S. 40:1299.47(G). The report of the medical review panel is admissible as evidence in court. However, the expert opinion is not conclusive, and either party has the right to call any member of the medical review panel as a witness. See LSA-R.S. 40:1299.47(H). As part of the panel selection and qualification process, a panelist or the attorney chairman must disclose in writing to the parties prior to the hearing any employment relationship or financial relationship with the claimant, the health care provider against whom a claim is asserted, or the attorneys representing the claimant or health care provider, or any other relationship that might give rise to a conflict of interest for the panelists. See LSA-R.S. 40:1299.47(C)(7). Each panelist is required to take an oath swearing to perform his duties without partiality or favoritism and to acknowledge that he represents neither side. See LSA-R.S. 40:1299.47(C)(5).
The panel does not serve as a judge or jury or in any quasi-judicial capacity, but merely as a body of experts whose opinion is not binding on the parties or the court. Derouen v. Kolb, 397 So.2d 791, 794-95 (La.1981). Therefore, the existence of an employment relationship, financial relationship, or other relationship that might give rise to a conflict of interest for the panelist does not require automatic disqualification from service on the panel. Rather, this determination is left to the discretion of the court. Whitt v. McBride, 94-896 (La.App. 3rd Cir.3/1/95), 651 So.2d 427, 429. The proper method to challenge a medical review panelist is by motion to the trial court. Ortego v. Jurgelsky, 98-1622 (La.App. 3rd Cir.3/31/99), 732 So.2d 683, 689. However, when a party raises a *107 challenge to the composition of the medical review panel long after it has reached a conclusion and after a full trial on the merits, that challenge is untimely. Ortego, 732 So.2d at 689.

ANALYSIS
The panel member whose participation is at issue in this case is Denise Stracener Mika, R.N., who was chosen by the other panel members to complete the medical review panel. The record contains an affidavit from OLOL's Vice President of Human Resources, Terry Bowman, stating that "Denise Stracener" was employed by OLOL from September 1988 through June 2001, when her position was discontinued. According to Mika's testimony at the hearing on the motion and exception, she was an OLOL employee during Houghton's treatment at the hospital, although her position at that time in the financial operations department did not involve patient care and she had no contact with him. Mika stated she did not know Houghton at all and had no bias or prejudice against OLOL. She also stated that she notified the panel's attorney chairman of her employment history with OLOL, and he determined there was no conflict of interest and no need to notify the parties of that fact.[8] Both parties to this appeal agree that the fact of Mika's former employment with OLOL was not disclosed to them by her or the attorney chairman before the panel conducted its review. When the parties were notified of her inclusion on the panel, the notice used her married name, Denise Mika, but during her employment with OLOL, she had used her maiden name, Denise Stracener. OLOL alleged that it first discovered her status as a former employee when an invoice for the panel's services, which arrived after the panel's opinion had been reached, listed her as Denise Stracener Mika, R.N. OLOL filed its motion and exception after verifying that she was in its employ when Houghton was treated.
After hearing Mika's testimony and considering the arguments of counsel, the district court stated the following in oral reasons for the decision to dismiss Houghton's case:
This is suit number 494,116, John Houghton, Jr. versus Our Lady of the Lake Hospital, a motion to vacate the medical review panel opinion and reconvene a new panel; and also suit number 498,370, John Houghton versus Our Lady of the Lake on an exception of prematurity, which, of course, is dependent upon my ruling in the first numbered case.
It is clear from the evidence that has been presented that, had this come to me before the panel met to consider the evidence and reach its decision, that I would not have excluded Ms. Mika as a panelist because of her prior employment relationship.
Her letter to Mr. Simon, together with her testimony, disclosed that she was in the financial administrative work at the Lake and not involved in any clinical work there.
Her demeanor in testifying, the nature of her testimony indicates that she had no hard feelings against the Lake and would not have ruled adversely to the Lake merely because of some personal grudge against them or personal bias against them.
But, as they say, hindsight is always twenty-twenty. And the fact is that the Lake did not have the opportunity ahead of time to point this out, bring it out or *108 make its case that Ms. Mika should not have been a panel participant.
* * *
I am somewhat inclined to deny this motion, but my fear is that, if I do, we'll go all the way through trial, we'll get a result, it'll go up on appeal and the court of appeal will say I should have granted this motion and then we'd have to start all over again. And so rather than let it get that far, and because of the express wording of the malpractice statute, I'm going to reluctantly grant the motion to vacate the medical review panel and order that a new panel be reinstated.
* * *
By granting this motion, that, of course, makes the exception of prematurity on the second suit valid, so I'll grant that exception.
The court signed two judgments on November 15, 2002, one granting the motion in the ancillary matter and the other sustaining the exception in the malpractice suit. The appeal is from the judgment of dismissal in the malpractice suit.
Procedural Issue
At the outset, therefore, this court is faced with a thorny procedural problem. The quandary is demonstrated by this court's initial granting of the OLOL motion to strike from the appellate record in the malpractice suit certain portions of the transcript that were adduced in support of the motion in the ancillary matter, and the subsequent granting of Houghton's motion to supplement the appellate record in the malpractice suit with the record from the ancillary matter. The two matters are separate and, although the request for a medical review panel in a medical malpractice case is a prerequisite to the filing of a lawsuit, the criteria for such a filing are not the same as those required to commence a civil action. Therefore, the jurisprudence has clarified that the request for a medical review panel is something different from a lawsuit. See LSA-C.C.P. arts. 421, 853, and 891; see also Hernandez v. Chalmette Med. Ctr., 01-0074 (La.App. 4th Cir.8/21/02), 826 So.2d 641, 643, writ denied, 02-2364 (La.11/22/02), 829 So.2d 1054; Jeter v. Shamblin, 34,225 (La.App. 2nd Cir.12/06/00), 774 So.2d 1071, 1072 n. 1 (distinguishing between the initial complaint filed to request review by a medical review panel and the later civil action filed to commence the lawsuit); Watson v. Lane Mem. Hosp., 99-0930 (La.5/28/99), 743 So.2d 676, 676 (clerk of the district court ordered to give the plaintiff's "petition for damages" a new docket number and to randomly re-allot it as a new suit, rather than allowing it to proceed under the same docket number and assignment as the previously-filed pleadings regarding the medical review panel); and Robertson v. Northshore Regional Med. Ctr., 93-1375 (La. App. 1st Cir.10/7/94), 645 So.2d 727, 729 (remanded for district court to order the clerk of court to assign a new docket number to the plaintiff's "amended complaint," which had been filed erroneously in the proceedings regarding the medical review panel). Because of this distinction, we have referred to the district court filings concerning Houghton's medical review panel as the "ancillary matter," rather than referring to those filings as a "suit."
OLOL contends that this is simply a situation involving two distinct matters with different docket numbers, and therefore, the record from the ancillary matter does not form a part of the record in the malpractice suit and should not be used by this court to evaluate the district court's judgment on the exception of prematurity. At first glance, based on the logical simplicity of this argument, this court agreed and struck a portion of the *109 hearing transcript consisting of Mika's testimony on the motion. However, on reconsideration when Houghton's motion to supplement the record was filed, we determined that the procedural circumstances of this appeal required this court to include the factual information from the ancillary matter in its deliberations; therefore, supplementation of the appellate record was ordered. For the following reasons, we conclude this was the correct resolution of the procedural dilemma.
When OLOL filed its exception in the malpractice suit, it based its entire argument on the motion filed in the ancillary matter, stating:
OLOL has filed a "Motion to Vacate Medical Review Panel Opinion and Reconvene Panel Due to Panel Member's Conflict of Interest" in the proceeding established in this court during the medical review panel procedure, bearing Docket No. 494,116 Div. "I" which OLOL adopts and incorporates by reference herein. Exhibit C. Should this court find in favor of OLOL on that motion, this proceeding is premature, as plaintiff's claims have not been properly presented to a properly [empanelled] medical review panel.
The evidence presented in support of its exception in the malpractice suit included Bowman's affidavit supplying factual information concerning Mika's status as a former OLOL employee, as well as OLOL's motion in the ancillary matter and memorandum in support of that motion. Therefore, this information is part and parcel of the record in the malpractice suit and the exception filed there, as well as being necessary to support the motion in the ancillary matter. The two matters are not distinct; given the grounds upon which the exception was based, there could be no decision on the exception in the malpractice suit without the factual information underlying the motion in the ancillary matter. Additionally, the district court scheduled the motion and exception to be heard at the same time and based its decision in the malpractice suit on the evidence and arguments provided in that hearing, including the evidence and arguments concerning the motion. Consequently, the entire transcript of that hearing properly forms a part of the record in both the ancillary matter and the malpractice suit.
Substantive Issue
Having so concluded, we examine the substantive issue of whether the malpractice suit was premature, in spite of the fact that a medical review panel had rendered its opinion before the malpractice suit was filed, because the parties were not notified that one of the panel members had a former employment relationship with the health care provider. It appears this is a case of first impression.
We note initially that the exception of prematurity is to be determined by the facts existing at the time the lawsuit is filed. In this case, the necessary antecedent for the filing of Houghton's malpractice suit was the submission of his claim for an opinion by a medical review panel. Strictly speaking, this had been accomplished. A medical review panel had met, considered the evidence, and rendered its opinion. Arguably, therefore, under the facts existing at the time the malpractice suit was filed, it was not premature. However, the Act requires presentation of the claimant's proposed complaint "to a medical review panel established pursuant to this Section" of the Act. (Emphasis added). See LSA-R.S. 40:1299.47(B)(1)(a)(i). The panel was not established pursuant to the provisions of the Act, which clearly requires advance written notice to the parties of any employment relationship, financial relationship, or other relationship with either party that might give rise to a conflict of interest for a panelist. The timely *110 filing of the motion in the ancillary matter brought this omission of notice of a possible conflict of interest to the attention of the court, and the court, in its discretion, reluctantly granted the motion to vacate the opinion of the medical review panel and ordered the parties to reappoint a medical review panel.[9] Therefore, based on the ruling of the court in the ancillary matter, the complaint had not been reviewed by a properly constituted panel and for that reason, the malpractice suit was premature.

CONCLUSION
For the foregoing reasons, we affirm the judgment dismissing Houghton's malpractice suit against OLOL, without prejudice. Costs of this appeal are assessed against Houghton.
AFFIRMED; MOTION TO STRIKE BRIEF DENIED.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Although the petition seeking initial review by a medical review panel was filed by John H. Houghton, Jr., the petition in this suit was filed by John H. Houghton, so we have used this designation in this opinion.
[3] During the pendency of that proceeding, a discovery motion was filed in the Nineteenth Judicial District Court (19th JDC) and assigned docket number 494,116 (the ancillary matter).
[4] The docket number assigned to the malpractice suit was 498,370.
[5] OLOL also excepted to Houghton's petition in the malpractice suit on the grounds of vagueness. The vagueness exception was denied as moot in the district court's judgment.
[6] Houghton's attorney stated at oral argument that, because both matters were heard at the same time on the same day, he thought both the motion and the exception had been filed in the malpractice suit. This court's writ action indicates it also believed that all the matters had occurred in the malpractice suit.
[7] Louisiana Revised Statutes 40:1299.41 through 1299.48.
[8] She also testified that she took an oath to review the issues before the panel objectively and without bias. See LSA-R.S. 40:1299.47(C)(5).
[9] The judgment granting the motion is not before this court for review on appeal, because of technical reasons related to the two separate proceedings referred to in this opinion. As a consequence, we must recognize the legal effect of this judgment.