McClendon, j.
| ¡.Plaintiff, an alleged assignee of a member’s interest in a limited liability company, seeks review of the trial court judgment that granted the defendants’ exception raising the objection of prematurity. Plaintiff had petitioned the court to determine and award the fair market value of the member’s interest. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
It’s Golden, LLC (hereinafter “Golden”) filed a petition alleging that it was the assignee of the member interest of Julie U. Quinn in Watercolors Unit 6, LLC. (R. 2) Golden named Watercolors and its manager, Michael Polito, as defendants. Golden alleged that Ms. Quinn, through an e-mail sent to Mr. Polito on March 28, 2016, withdrew as a member from Watercolors effective April 29, 2016. (R. 2, 7) Golden requested the court to fix and award it the fair market value of Ms. Quinn’s interest in Watercolors. (R. 3)
In response, Watercolors and Mr. Polito (collectively “Watercolors”) filed a dilatory exception raising the objection of prematurity, asserting that the petition was premature based on Ms. Quinn’s and/or Golden’s failure, in accordance with LSA-R.S. 12:1325, to provide written notice of withdrawal to Watercolors at its registered *547 office located at 344 Third Street in Baton Rouge, Louisiana. (R. 4)
Golden opposed Watercolors’ exception, urging that the e-mail sent to Mr. Polito’s e-mail address was sufficient to meet the requisite notice requirement.
After argument, the trial court granted Watercolors’ exception of prematurity. The trial court signed a judgment on August 25, 2016, granting the exception and dismissing Golden’s claims without prejudice.[1]
Golden has appealed, assigning the following as error:
a. The delivery of [the] withdrawal notice requirement of La. Rev. Stat. 12:1325(B) does not apply.
b. Even if La. Rev. Stat. 12:1325(B) does apply, It’s Golden complied with the delivery obligation thereunder.,
^DISCUSSION
Louisiana Code of Civil Procedure article 926A(1) provides for the dilatory exception raising the objection of prematurity. Such an objection is intended to retard the progress of the action, rather than to defeat it. LSA-C.C.P. art. 923. An action is premature if it is brought before the right to enforce the claim sued on has accrued. See LSA-C.C.P. art. 423. The objection of prematurity raises the issue of whether the judicial right of action has yet come into existence because some prerequisite condition has not been fulfilled. Bridges v. Smith, 01-2166 (La.App. 1 Cir. 9/27/02), 832 So.2d 307, 310, writ denied, 02-2951 (La. 2/14/03), 836 So.2d 121. Prematurity is determined by the facts existing at the time suit is filed. Houghton v. Our Lady of the Lake Hosp., Inc., 03-0135 (La.App. 1 Cir. 7/16/03), 859 So.2d 103, 106. Evidence may be introduced to support or controvert the grounds of the exception. LSA-C.C.P. art. 930. If no evidence is presented at trial, then the court must render its decision based on the facts alleged in the petition, with all allegations therein being accepted as true. LaCoste v. Pendleton Methodist Hosp., L.L.C., 07-0008 (La. 9/5/07), 966 So.2d 519, 525.
Watercolors asserts that the action is premature because the requirements for a member’s withdrawal found in Louisiana Revised Statutes 12.-1325B have not been met. Louisiana Revised Statutes 12:1325B provides:
A member of a limited liability company not. entered into for a term may withdraw or resign from a limited liability company at the time or upon the happening of an event specified in a written operating agreement and in accordance with the written operating agreement. If a written operating agreement does not specify the time or the events upon the happening of which a member may withdraw or resign, a member of a limited liability company not entered into for a term may resign or withdraw upon not less than thirty days prior written notice to the limited liability company at its registered office as filed of record with the secretary of state1 and to each member and manager at each member’s and manager’s address as set forth on the records of the limited liability company.
Watercolors avers that the withdrawal provision found in the “Amended and Restated Operating Agreement” (hereinafter “Amended Operating Agreement”), which allows a member to withdraw “at any time,” did not dispense with the requirements under LSA-R.S. 12:1325B insofar *548 as the concluding phrase in the Amended Operating Agreement provided that members could withdraw at any time “as other: wise required by law.” |4Because. Watercolors was not entered into for a term, which is undisputed, .Watercolors maintains that Ms. Quinn, in accordance with LSA-R.S. 12:1325B, was required to send written notice to Watercolors at its registered office located at 344 Third Street. Watercolors avers that an e-mail was not sufficient to meet the statutory notice requirements.
On the other hand, Golden avers that Watercolor’s Amended Operating Agreement controls. Specifically, Section 2.5 of the Amended Operating. Agreement entitled “Withdrawal” provides:
A Member has the right to withdraw from the Company as a Member at any time except as otherwise provided for in this- Agreement and except as otherwise provided for by contract, upon surrendering back to the Company of all rights hereunder to its membership interest and as otherwise required by law.
Because the Amended Operating Agreement provides that a member may withdraw “at any time,” Golden maintains that the requirements in LSA-R.S. 12:1325B do not apply and that the e-mail, which Watercolors admits receiving, was sufficient.
The clear language of . LSA-R.S. 12:1325B states that the notice requirement found in the statute does not apply when an operating agreement “specifies] the time or the events upon the happening of which a member may withdraw or resign.” Here, - the Amended Operating Agreement provides both a time, he. “at any time,” and an event, “upon surrendering back to the Company of all rights hereunder to its membership interest,” that allowed a member to withdraw. Since the Amended Operating Agreement provides a time and event for withdrawal, the requirement that “written notice to the limited liability company at its registered office as filed of record with the secretary of state” as set. forth in LSA-R.S. 12:1325B is inapplicable. Further, the parties do not dispute that the e-mail was sent to Mr. Polito at his business e-mail address and that Mr. Polito received the e-mail. Under these circumstances, we conclude that the trial court erred in granting Watercolors’ exception of prematurity.
CONCLUSION
For the foregoing reasons, the trial court’s August 25, 2016 judgment granting the exception raising the objection of prematurity is reversed. This matter is remanded Rfor further proceedings consistent with this opinion. Costs of this appeal are assessed to the appellees, Watercolors Unit 6, LLC and Michael Polito.
REVERSED AND REMANDED.

. Golden notes that the trial court offered no reasons for granting the exception. Golden avers that the only urged rationale for granting the exception is that Ms. Quinn did not comply with the delivery provisions found in LSA-R.S. 12:1325B.