PER CURIAM
In the absence of any allegations that the medical review panel superceded its statutory authority, the panel's opinion is subject to mandatory admission. La. R.S. 40:1231.8(H) ; McGlothlin v. Christus St. Patrick Hospital , 10-2775 (La. 7/1/11), 65 So.3d 1218. The mere fact that a member of the panel may not have disclosed a potential conflict of interest is not a ground for automatic exclusion of the panel's opinion. See Elledge v. Williamson , 48, 644 (La. App. 2 Cir. 1/15/14), 132 So.3d 432 ; see also Derouen v. Kolb , 397 So.2d 791 (La.1981). Plaintiff will have an adequate opportunity to explore any potential bias on the part of the panel member through cross examination, and the trier of fact may assign any appropriate weight to the opinion in light of such testimony. See Whitt v. McBride , 94-896 (La. App. 3rd Cir. 3/01/95), 651 So.2d 427, writ denied , 95-0357 (La. 3/30/95), 651 So.2d 851. Accordingly, the writ is granted. The judgment of the district court striking the panel opinion is reversed. The case is remanded to the district court for further proceedings.
JOHNSON, C.J., would deny.
HUGHES, J., recused.
GENOVESE, J., would deny.