397 So.2d 791 (1981)
Diann DEROUEN
v.
Ruth KOLB and Lafayette General Hospital.
No. 80-CA-2590.
Supreme Court of Louisiana.
April 6, 1981.
Thomas D. Curtis, J. Minos Simon Ltd., Lafayette, for plaintiff-appellee.
Marilyn C. Castle, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, R. Gordon Kean, Jr., Charles S. McCowan, Jr., Sanders, Downing, Kean & *792 Cazedessus, Baton Rouge, amicus curiae on behalf of Louisiana State Medical Society.
Sidney E. Cook, Cook, Yancey, King & Galloway, Shreveport, amicus curiae on behalf of Medical Society for the Parishes of Caddo, Bossier, Webster, Claiborne, Bienville, Red River and DeSoto.
William R. Tete, William M. Nolen, Jones, Tete, Nolen, Hanchey, Swift & Spears, Lake Charles, amicus curiae on behalf of Medical Society for Parishes of Allen, Beauregard, Calcasieu, Cameron and Jefferson Davis.
Ronald L. Davis, Jr., Edwin K. Theus, Jr., Theus, Grisham, Davis & Leigh, Monroe, amicus curiae for Medical Society for Parishes of Caldwell, E. Carroll, Franklin, Jackson, Lincoln, Madison, Morehouse, Ouachita, Richland, Union and W. Carroll.
Howard B. Gist, Jr., Gist, Methvin, Hughes & Munsterman, amicus curiae for Medical Societies of Parishes of Catahoula, Concordia, Natchitoches, Rapides and Tri-Parish Medical Society.
George K. Anding, Jr., Watson, Blanche, Wilson & Posner, amicus curiae for Louisiana Hospital Ass'n.
Timothy J. McNamara, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, H. Lee Leonard, Voorhies and Labbe, amicus curiae for Parish Medical Societies for the Parishes of St. Mary, Iberia, Vermilion, Lafayette, Acadia, Evangeline, St. Landry and St. Martin.
BLANCHE, Justice.
Plaintiff, Diann Derouen, instituted a claim for personal injuries against Ruth Kolb, a registered nurse, and her employer, Lafayette General Hospital, for an injection plaintiff claimed was administered improperly prior to surgery. Both defendants qualify as health care providers within the contemplation of the Medical Malpractice Act, R.S. 40:1299.41 et seq.
Pursuant to this Act, the plaintiff requested the Commissioner of Insurance convene a medical review panel to hear the plaintiff's claim.[1] Mr. Howell Dennis was selected as the attorney-chairman of the panel. The plaintiff selected Dr. Alvin Mayer to serve on the panel. The defendants selected Dr. Robert Martinez to serve on the panel.
Certain depositions were taken and interrogatories were propounded to collect evidence for submission to the panel. The two selected medical panelists were requested to proceed to select the third physician member of the panel in accordance with the provisions of the Act.
Before a third panelist was selected the plaintiff filed suit in the Fifteenth Judicial District Court based upon the same claim which was being considered by the medical review panel. According to the plaintiff, she pursued this course because during discovery, she claims certain facts were developed that indicated the physician members of the panel had a pecuniary interest with reference to the defendant Lafayette General Hospital and, thus, were potentially biased, such that her constitutional right of due process was being violated.
Defendants responded to this suit by filing a declinatory exception of lis pendens, and a dilatory exception of prematurity, which were based upon the fact that plaintiff's claim had not been reviewed by a medical review panel as required by the Medical Malpractice Act, R.S. 40:1299.41 et seq. An alternative motion to strike the ad damnum clause of the plaintiff's petition was also filed.
Plaintiff responded to these exceptions by urging her action was justified because of the unconstitutionality of the medical review panel provision of the Medical Malpractice Act. Additionally, a stay order was obtained precluding the panel from proceeding pending a decision on the exceptions.
After a hearing, the district court overruled the exceptions of lis pendens and prematurity, *793 concluding that the medical review panel provision of the Act violated this plaintiff's constitutional right to due process, and permitted the plaintiff to proceed with her suit in the district court without first presenting her claim to the panel and obtaining an opinion from them. The court's ruling was based on the premise that the physician members of the panel have a conflict of interest regarding the plaintiff's claim against the defendant hospital and they are, therefore, potentially biased. The court did sustain the motion to strike the ad damnum clause of the plaintiff's petition.
Defendants obtained a stay of the district court proceeding, and then filed a suspensive appeal. The Third Circuit Court of Appeal determined the proper appeal was to this Court pursuant to La.Const. Art. 5, § 5(D)(1) and transferred the appeal to this Court.
We adhere to our policy set forth in Everett v. Goldman, 359 So.2d 1256 (La. 1978), footnote 1, of granting review in a case where, though the judgment is not final, the law has been found unconstitutional and a finding of irreparable harm is determined by us. The Act has been declared unconstitutional by the trial court as it applies to this plaintiff. The defendants will suffer the irreparable harm of not having the plaintiff's claim first reviewed by the medical review panel if the exceptions are not accepted on appeal and addressed. Thus, we assume jurisdiction.
The present issue to be resolved is whether the physicians on this medical review panel have a conflict of interest with the defendant hospital, such that they will be so biased as to deprive the plaintiff of her constitutional due process rights.
The plaintiff contends that because the panel members, Drs. Mayer and Martinez, are staff members of the defendant hospital, they will be potentially biased toward the defendant. Though they are not employed by the hospital, it is alleged that they have a strong pecuniary interest in maintaining their staff relationships with the hospital for they treat a large number of their patients there, and they must be on the hospital staff to do so.
The trial court agreed with this argument and found this plaintiff's constitutional due process rights were being violated because of the panel members' potential bias against her. Furthermore, the trial court analogized this situation with that of judges sitting on the boards of financial institutions, which we have recently disallowed.
We appreciate the concern expressed by the trial court in protecting the plaintiff's constitutional rights, but we do not deem a declaration of unconstitutionality of the Medical Malpractice Act a necessary remedy.
Previously, this Court has thoroughly analyzed the Medical Malpractice Act as to its impact on a plaintiff's equal protection and due process rights and found the Act to be constitutionally sound. Everett v. Goldman, 359 So.2d 1256 (La.1978). Following our guidance, several courts of appeal have used Everett in analyzing various attacks on the Act. Travasos v. New Orleans Metairie Hospital, 381 So.2d 877 (La.App., 4th Cir. 1980); Jarvis v. Lafayette General Hospital, 378 So.2d 430 (La.1979), on remand 379 So.2d 1179 (3rd Cir. 1980). The federal courts have likewise adopted this Court's reasoning in Everett and have concluded that the Act is constitutional. Sloane v. Ortho Pharmaceuticals, Inc., 472 F.Supp. 468 (U.S.D.C., E.D.La.1979).
Again, in the present case, we find the Medical Malpractice Act as applied to this plaintiff does pass constitutional muster.
The finding of the trial judge that all panel members would be "potentially biased" because of their relationships as staff members with the defendant hospital is not supported by the record. The statutory provision dealing with the qualification and selection of the members of the medical review panel permits the selection of any physician engaged in the active practice of medicine in this state who practices in the same community or locality as does the *794 health care provider against whom the claim is made, whether in the teaching profession or otherwise, who holds a license to practice medicine in the State of Louisiana. R.S. 40:1299.47. The evidence as to the availability of physicians in the locality reveals that there were thirty-nine physicians in Lafayette Parish who were not in any manner associated with the defendant hospital. Notwithstanding the availability of these other physicians not connected with the defendant hospital, the plaintiff chose Dr. Mayer, a member of the defendant hospital staff, to sit on the medical review panel.
From our review of the record there is not even a hint of actual bias on the part of any of the panelists. The finding of a potential for bias could only have come from an assumption of bias based on the fact of the defendant hospital's policy of approving doctors for membership on the hospital staff. The inference of bias from proof of this fact is not compelling but, if it were, then the proper remedy would be to get another panel instead of declaring the entire Act unconstitutional with one sweeping declaration.
Another failure of proof lies in the fact that the plaintiff initiated her suit in the district court before the third panel member was selected by Drs. Mayer and Martinez. Thus, there is no way of knowing whether that physician had a relationship with any of the parties such that any potential for bias exists on his part.
In summary, the plaintiff would have us declare the entire Medical Malpractice Act unconstitutional on an inference which is neither compelled by the evidence nor from any proven facts.
Furthermore, we do not agree with the analogy the trial judge makes between the role of the physician panel members and that of the judiciary. As we found in Everett, the sole duty of the panel is to express its expert opinion(s); no findings are made by the panel as to damages, and the findings of the medical review panel are not binding on the litigants.
Where a judge has the power to decide the facts and law of a case and to render a final adjudication as to the rights of the parties involved, no such power exists for the medical review panel. The panel simply renders an expert opinion, and does not have the power to adjudicate the rights of any party.
The practical application of the Act was pointed out by us in Everett, where we said:
"The act provides, at the expense of a delay in filing the suit in court, a procedure for reviews of the claim. The panel determines from the evidence submitted whether there is a basis for the claim, and it gives its opinion accordingly. If the panel determines the claim is substantial, the claimant is obviously benefited. If the panel determines the claim is groundless, the claimant is informed of what certain medical experts think of the merits of his claim. If he disagrees with their analysis, he may still sue for vindication of his rights in a court of law."
"In all cases which go to trial the judge or jury remain the final arbiter of factual questions concerning liability and quantum."
We found this situation constitutional in Everett, and we see no reason to change our position now by placing the medical review panel on the same status as a judge or jury as the trial court incorrectly did in her analogy.
We deem it was error for the trial judge to overrule the defendant's exception of prematurity. The plaintiff should have been compelled to first present her claim to a medical review panel before she filed suit in district court.
Further, we reaffirm our decision in Everett and find the medical review panel is not a judge nor a jury, but merely a body of experts assembled to evaluate the plaintiff's claim and to provide the courts and *795 the parties with an expert opinion. Absent any evidence to rebut the legislative goals of encouraging the prompt settlement of good claims, the abandonment of poor claims and, most importantly, the fostering of prompt, professional medical services to the people of Louisiana, we see the continued use of the medical review panel as proper.
For these reasons, the judgment of the district court overruling the defendant's exception of prematurity is reversed. There is further judgment herein maintaining said exception at plaintiff's costs.
REVERSED.
CALOGERO, J., concurs.
NOTES
[1] R.S. 40:1299.47 provides: The medical review panel consists of one non-voting attorney-chairman, one physician selected by the plaintiff, one physician selected by the defendant, and one physician selected by the two physicians.