CHEHARDY, Judge.
This suit for summary relief was initiated by a rule filed by plaintiff-appellant directed to the chairman and adverse party of a *644 medical review panel following his refusal to permit a court reporter to be present to record a meeting of the panel.
The matter arises from an alleged malpractice claim against the clinic, the doctor, and the hospital where the surgery was performed following a routine tonsillectomy which plaintiff claims left him with an impaired sense of taste.
In due course a medical review panel was selected pursuant to the requirements of the medical malpractice act, and submission of evidence was made to the panel. All parties requested a convention of the panel, as provided by R.S. 40:1299.47(E), prior to the issuance of its report.
At this time plaintiff notified the chairman that he wanted to have a court reporter present to provide a transcript of the proceedings. Formal objection was made by the defendants and thereafter the chairman denied plaintiff’s request.
The basis for plaintiff’s request is found in R.S. 40:1299.47(E), which provides in pertinent part:
“Either party, after submission of all evidence * * * shall have the right to convene the panel * * * concerning any matters relevant to issues to be decided by the panel before the issuance of their report. The chairman of the panel shall preside at all meetings. Meetings shall be informal.’’ (Emphasis ours.)
Appellant contends the proceedings before a medical review panel are quasi judicial in nature and therefore a party is entitled to have the proceedings reported and transcribed as would be the case in any administrative hearing or judicial proceeding.
The Medical Malpractice Act (R.S. 40:1299.41 et seq.) was designed and enacted to screen out spurious claims against health providers and to assist in the settlement of those claims with merit. Everett v. Goldman, 359 So.2d 1256 (La.1978).
The function of the review panel is to determine if the claim has merit. No substantive rights of the plaintiff are affected. If the decision is unfavorable plaintiff is free to pursue his claim in court. While the panel’s decision may be admissible it is not a final adjudication of plaintiff’s rights. Derouen v. Kolb, 397 So.2d 791 (La.1981).
The panel is not a court. It does not adjudicate facts or rights of the parties. While a judge has power to decide the facts and the law of a case, no such power is vested in the review panel. The panel simply renders an expert opinion. Derouen v. Kolb, ibid.
Where all of the evidence has been offered, but before the panel has rendered its opinion, the procedure to be utilized by R.S. 1299.47(E) permits the parties to meet informally with the panel to give the patient, defendants and the panel a clear understanding of the nature of the case and to explore and develop all relevant information. The act itself mandates informality, and therefore recordation of the proceedings need not be provided.
As the Supreme Court stated in Everett, supra, the sole duty of the panel is to express its expert opinion. The convention of the panel prior to this determination is merely to assist in that determination. No findings are made as to damages, and the findings are not binding on the court. Therefore plaintiff is not deprived of any fundamental right because of the fact that the informal meeting of the panel prior to its determination is not transcribed by a court reporter present at the meeting.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.