FORET, Judge.
This is a medical malpractice action filed by Pamela Arceneaux against Dr. Philip Marler. Defendant filed an exception of prematurity based upon plaintiff’s failure to submit the claim to a medical review panel as required by La.R.S. 40:1299.47 B. From a judgment sustaining the exception of prematurity, plaintiff has appealed.
La.R.S. 40:1299.47 B provides as follows: “B. (l)(a)(i) No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.”
On appeal, plaintiff does not contend that defendant is not a qualified health care provider covered by the provisions of the private Medical Malpractice Act (R.S. 40:1299.41 et seq.) nor does she complain that the statute is inapplicable, but rather that it is unconstitutional. Plaintiff challenges the constitutionality of R.S. 40:1299.47 B on due process and equal protection grounds, contending that this provision is in violation of both the Louisiana and United States Constitutions. Furthermore, plaintiff contends that R.S. 40:1299.-47 B is in violation of Art. 1, § 22 of the Louisiana Declaration of Rights which states as follows:
“§ 22. Access to Courts
Section 22. All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.”
For the reasons hereinafter set forth, we affirm the judgment of the trial court sustaining defendant’s exception of prematurity-
In Everett v. Goldman, 359 So.2d 1256 (La.1978), the plaintiff challenged the constitutionality of the medical review panel (required under the private Medical Malpractice Act) on due process and equal protection grounds. Additionally, the plaintiff contended that requiring claims to be submitted to a medical review panel prior to suit was in violation of Art. 1, § 22 of the Louisiana Constitution. In a lengthy opinion, our Supreme Court found all of these challenges to be without merit, finding that “the provisions do bear a real and substantial relationship to the preservation and promotion of the public welfare, i.e. the need for health care for our citizens at reasonable costs.” Everett, at page 1268. Most recently, in Derouen v. Kolb, 397 So.2d 791 (La.1981), our Supreme Court reaffirmed its position in Everett.
Plaintiff’s argument that our Supreme Court in Sibley v. Bd. of Sup’rs of Louisiana State U, 477 So.2d 1094 (La.1985), somehow alters or modifies its previous position as announced in the aforenamed cases, is completely without merit. Sibley involved the interpretation and application of the provisions of the State Medical Malpractice Act and the constitutionality of the medical review panel was not at issue. While it is true that the court in Sibley did lay down new perimeters for the considera *205 tion of subsequent constitutional challenges based upon equal protection, it did not, in any way, retreat from its previous position with regard to the constitutionality of the medical review panel. In fact, if anything, Sibley reaffirms the holding of Everett in that in Sibley the court ultimately concluded that in order to pass constitutional muster under an equal protection challenge, it must be shown that the statute substantially furthers a legitimate state purpose and, in Everett, the court specifically held that the statutory requirement that claims be submitted before a medical review panel prior to institution of suit, did bear a “real and substantial relationship” to a legitimate state purpose.[1]
In accord with Everett v. Goldman, supra, we affirm the judgment of the trial court finding that plaintiff’s action is premature.
All costs of this appeal are assessed to plaintiff, Pamela Arceneaux.
AFFIRMED.

. The Sibley court criticized the traditional three-level system of equal protection analysis employed by the United States Supreme Court, rinding that the three-level system is in disarray and has failed to provide a sound framework for adjudication of constitutional challenges based upon denial of equal protection.