814 So.2d 696 (2002)
David and Glenda RICE, Individually and as Administrators for their two minor children, Rice Children Trust, through its trustee, Rena Deslatte, Rice Electronics, Inc., Rice Electronics of Texas, Inc.
v.
Jody M. FELTERMAN, Dean Witter Reynolds, Inc., ABC Bonding Company, Larry Toups, Consolidated Bon Aire, Inc., a/k/a Bon Aire, Inc., Robert McLaughlin, Frederick E. Salzillo, Jr.
No. 2000 CA 2525.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*697 David S. Rubin, Baton Rouge, LA, for Robert McLaughlin.
Conrad S.P. Williams, III, Houma, LA, for Consolidated Bon Aire, Inc.
Robert Torian, Lafayette, LA, for Dean Witter Reynolds, Inc.
Robert Broussard, Lafayette, LA, for appellant, Frederick E. Salzillo, Jr.
BEFORE: FOIL, CLAIBORNE[1] and KLINE[2], JJ.
FOIL, J.
This appeal challenges the action of the trial court in dismissing several claims pursuant to an exception of prescription. We affirm.

BACKGROUND
Frederick Salzillo, Jr. was hired by Dean Witter Reynolds, Inc. in April of 1989 to serve as the manager of Dean Witter's Baton Rouge office. It is undisputed that he was fired by Dean Witter in September of 1992. On June 2, 1995, Mr. Salzillo was named as a defendant in a suit filed by David and Glenda Rice against Dean Witter. That suit sought damages resulting from their unknowing participation in a fraudulent investment scheme conducted by Jody Felterman, a Dean Witter employee who worked in Dean Witter's Morgan City office. Mr. Salzillo had supervisory duties over Dean Witter's Morgan City office.
On September 18, 1998, six years after his termination, Mr. Salzillo filed a cross-claim against Dean Witter in the Rice lawsuit asserting various contract and tort claims. Dean Witter filed an exception of prescription on all of Mr. Salzillo's claims. Only two claims are involved in this appeal: one based on Dean Witter's alleged failure to pay agreed upon salaries, bonuses and commissions, and a defamation claim.
With respect to the first claim, Mr. Salzillo averred that Dean Witter failed to *698 fulfill promises to pay enhanced salary, bonus and commission amounts agreed to at the beginning of his employment. He characterized the claim as one for "detrimental reliance," subject to the ten-year prescriptive period for personal actions under La.Civ.Code art. 3499. Dean Witter countered that Mr. Salzillo was actually asserting a cause of action for compensation or wages, which is governed by a three-year prescriptive period found in La. Civ.Code art. 3494.
Mr. Salzillo also alleged that he had been defamed by information provided to the National Association of Securities Dealers (NASD) on the Uniform Termination Notice for Securities Industry Registration (Form U-5) filed by Dean Witter when Mr. Salzillo's employment was terminated. The form, filed by Dean Witter on October 14, 1992, stated that Mr. Salzillo was terminated for "free riding" and "expense account abuse." Dean Witter argued that prescription on this defamation claim began to run when Mr. Salzillo received notice of the filing of the Form U-5, which had been provided to Mr. Salzillo on the same day Dean Witter filed the document, October 14, 1992. Dean Witter posited that because a defamation action has a prescriptive period of only one year, this claim, filed nearly six years after notice of the filing of that form, is untimely.
The trial court agreed with Dean Witter's arguments, and dismissed the lawsuit. This appeal followed.

DISCUSSION
With respect to Mr. Salzillo's first set of claims against Dean Witter, a proper characterization of those claims is essential to the prescription issue. Mr. Salzillo alleged that Dean Witter made certain promises to him regarding salary enhancements, commissions and bonuses in order to lure him from his former employer. According to Mr. Salzillo, the gist of Dean Witter's promise to him was that he would have to "cut his teeth" as a new Dean Witter employee for a few years at a relatively low to moderate salary; however, in exchange, he would be handsomely rewarded in the long run. Additionally, Dean Witter promised that he would be compensated for his low salary by bonuses to be paid five years after his employment. Mr. Salzillo urges that he has stated a cause of action for detrimental reliance and this claim, filed six years after his termination, is within the ten-year prescriptive period for such claims, and is therefore timely.
We disagree. We find that Mr. Salzillo's claims for Dean Witter's failure to pay additional wages, salary and commissions during his employment are properly characterized as claims for additional compensation. Louisiana Civil Code article 3494 subjects actions for the recovery of compensation for services rendered, including payment of salaries, wages and commissions, to a liberative prescription of three years. Mr. Salzillo failed to file these claims within the three-year time period required by article 3494. Accordingly, those claims have prescribed, and the trial court was correct in so ruling.
We next consider the defamation claim, which is based on the action of Dean Witter filing a Form U-5 with NASD stating the reasons for Mr. Salzillo's 1992 termination. Mr. Salzillo does not dispute that defamation claims are subject to the one-year prescriptive period applicable to delictual actions pursuant to La.Civ.Code art. 3492. Furthermore, he does not deny knowledge of the filing of the form containing the alleged defamatory statements within the one-year time period, nor does he point to any reason that may have prevented him from filing a defamation claim within that time frame. Instead, he insists that each time NASD "republishes" *699 the form to a potential employer, another tort is committed and each republication of the form constitutes a separate cause of action. He claims that the form has been furnished on at least two occasions to potential employers after he filed his cross-claim against Dean Witter, although this information does not appear of record. He urges that these republications, as well as any other as yet unknown republications occurring within the one-year period preceding his filing of the cross-claim, are within the prescriptive period.
On its face, Mr. Salzillo's defamation action was filed well outside of the one-year prescriptive period. It was therefore incumbent on him to show that the claims were not prescribed. Although advancing the "republication" theory, Mr. Salzillo offered no evidence into the trial record in support thereof. Even if he had, we would still be constrained to find the defamation claim prescribed. Mr. Salzillo had notice of the filing of the form and the alleged defamatory nature of its contents at least five years prior to filing this cross-claim. His cause of action for defamation began to run from the date of his knowledge of the filing of the form with NASD by Dean Witter. Since Mr. Salzillo did not file a claim for defamation within one year of the date of his knowledge of the filing of the form, his defamation claim prescribed, and the trial court was correct in so finding.

CONCLUSION
Based on the foregoing, the judgment sustaining the exception of prescription is hereby affirmed. All costs of this appeal are assessed to appellant, Frederick E. Salzillo, Jr.
AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
[2] Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.