STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-421

IN RE:  MEDICAL REVIEW PANEL JEROME SMITH

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 231,461
HONORABLE GEORGE C. METOYER JR, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**REVERSED AND SET ASIDE; REMANDED; MEDICAL REVIEW PANEL RE-INSTATED.**


George A. Flournoy
Flournoy, Doggett & Losavio
P. O. Box 1270
Alexandria, LA 71309-1270
Counsel for Appellants:
    Shirley and Jerome Smith

Monica Ann Frois
Deirdre Claire McGlinchey
McGlinchey Stafford
601 Poydras St., 12th Floor
New Orleans, LA 70130
Counsel for Appellee:
    Bayou Healthcare, LLC

**PICKETT, Judge.**

The plaintiffs, Jerome and Shirley Smith, appeal the trial court's granting of an ex parte motion filed by the defendants dismissing the plaintiffs' proceeding against the defendants, Bayou Health Care, L.L.C., d/b/a Crossroads Regional Hospital, and Lexington Insurance Company, pending before a medical review panel. We reverse the judgment of the trial court, re-instate the medical review panel proceedings, and remand the case for further action consistent with this opinion.

**FACTS**

In this case, the plaintiffs, the Smiths, filed a medical review panel claim against the defendants, Crossroads Regional Hospital and Dr. Jay Piland, in April 2008. The following month, the defendants' attorneys filed a request with the district court to open a judicial proceeding entitled "*In Re: Medical Review Panel Jerome Smith*," allegedly for the sole purpose of allowing the defendants to discover evidence to present to the medical review panel. The district court granted the defendants' request. Thereafter, the defendants sent the plaintiffs a list of 31 interrogatories and a motion for production of documents, requesting the plaintiffs to supply the defendants with 26 different types of documents (doctors' reports, photographs, medical records, tax returns, etc.). When the plaintiffs failed to provide the requested discovery within 15 days, the defendants filed a motion to compel. The trial court set a hearing on the motion for September 29, 2008. On that day a "consent" judgment was submitted by the defendants continuing the hearing without date. That judgment, which was signed October 7, 2008, included a provision to dismiss the plaintiffs' medical review panel action if the discovery was not completed by October 10, 2008, just three days hence.

1

On October 15, 2008, the defendants filed an ex parte motion to dismiss the plaintiffs' medical review panel claim based upon the "consent" judgment previously signed. Accompanying the motion to dismiss was a judgment to dismiss with prejudice. The motion and judgment were hand carried by the defense from the clerk's office to the court, which signed the judgment just minutes after it was filed. The plaintiffs had no notice of the events of October 15, 2008, until five days *after* the judgment of dismissal was signed. That judgment is the subject of this appeal.

The issue before this court is whether the trial court abused its discretion in dismissing the plaintiffs' medical malpractice action, which was still pending before the medical review panel, without a hearing.

## LAW AND DISCUSSION

Louisiana Revised Statutes 40:1299.47, entitled "Medical review panel," provides in pertinent part as follows:

> A. (1)(a) All malpractice claims against health care providers covered by this Part, . . . , shall be reviewed by a medical review panel established as hereinafter provided for in this Section.
>
> . . . .
>
> B. (1)(a)(I) No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.
>
> . . . .
>
> D. (1) The evidence to be considered by the medical review panel shall be promptly submitted by the respective parties in written form only.
>
> (2) The evidence may consist of medical charts, x-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, interrogatories, affidavits and reports of medical experts, and any other form of evidence allowable by the medical review panel.

2

(3) Depositions of the parties and witnesses may be taken prior to the convening of the panel.

(4) Upon request of any party, or upon request of any two panel members, the clerk of any district court shall issue subpoenas and subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence for inspection and/or copying.

. . . .

F. The panel shall have the right and duty to request and procure all necessary information.  The panel may consult with medical authorities, provided the names of such authorities are submitted to the parties with a synopsis of their opinions and provided further that the parties may then obtain their testimony by deposition.  The panel may examine reports of such other health care providers necessary to fully inform itself regarding the issue to be decided.  Both parties shall have full access to any material submitted to the panel.

. . . .

G. The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care.

If the panel finds that the defendant failed to comply with the appropriate standard of care, then it must decide if the conduct complained of was a factor resulting in the damages alleged, and "[i]f such conduct was a factor, whether the plaintiff suffered:  (a) any disability and the extent and duration of the disability, and (b) any permanent impairment and the percentage of the impairment."  La.R.S. 40:1299.47(G)(4).

As our colleagues of the second circuit stated in *Maxwell v. Soileau*, 561 So.2d 1378, 1386 (La.App. 2 Cir.), *writs denied*,  567 So.2d 1123, 1124 (1990):

The sole duty of the medical review panel is to express its expert opinion.  No findings are made by the panel as to damages and the findings of the panel are not binding on the litigants.  The panel simply renders an expert opinion and does not have the power to adjudicate the rights of any party. *Derouen v. Kolb*, 397 So.2d 791 (La.1981).

3

Thus, according to the foregoing statute and jurisprudence, the defendant in a medical malpractice claim pending before a medical review panel is entitled to discover any evidence which will be considered by the panel in making its determinations, *i.e.* if the defendant breached the standard of care due the plaintiff and the resultant damages, if any, if the standard of care was breached.

In *Trahan v. State ex rel. Dept. of Health and Hosp.*, 04-743, pp. 2-4 (La.App. 3 Cir. 11/10/04), 886 So.2d 1245, 1248-50, a panel of this court reviewed the law applicable to the case sub judice:

> Trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation, including the scope of discovery. *Moak v. Ill. Cent. R.R. Co.*, 93-783 (La. 1/14/94), 631 So.2d 401; *Ward v. Tenneco Oil Co.*, 564 So.2d 814 (La.App. 3 Cir.1990). Such discretion will not be disturbed on appeal absent a clear showing of abuse. *Moak*, 631 So.2d 401.
>
> . . . .
>
> In *Horton v. McCary*, 93-2315 (La. 4/11/94), 635 So.2d 199, the supreme court addressed the propriety of the dismissal of a plaintiff's claims for failure to comply with discovery, observing that "[t]here is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery" and that "[t]rial judges must have severe sanctions available to deter litigants from flouting discovery orders." *Id.* at 203. The court further noted that dismissal is a "draconian" penalty which should only be applied in "extreme circumstances." *Id.*
>
> Comparing the Louisiana rule for sanctioning a party who fails to comply with discovery with the Federal rule, the *Horton* court identified four factors appellate courts should consider when determining whether a trial court's dismissal of a plaintiff's claims is an abuse of discretion:
>
> > (1) whether the violation was willful or resulted from inability to comply;
> >
> > (2) whether less drastic sanctions would be effective;
> >
> > (3) whether the violations prejudiced the opposing party's trial preparation; and

4

(4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

*Id.* The court further observed that "[t]he record must support 'a finding that the failure was due to ... wilfulness, bad faith, or fault' " before dismissal of a plaintiff's claims is appropriate. *Id. quoting Allen v. Smith*, 390 So.2d 1300, 1302 (La.1980).

In *In re Wiley*, 03-793 (La.App. 3 Cir. 12/23/03), 862 So.2d 1243, this court determined that without sworn testimony no assessment of these factors could be made. . . . Without evidence concerning these factors, we cannot determine whether the trial court's dismissal of the Trahans' claims was error.

The record before us reveals that the only time either party appeared before a judge (and then only through counsel) was when the defendants, ex parte, sought to have their motion to dismiss signed. Neither party ever appeared in open court, and there was never any hearing of any kind. Furthermore, the record reveals that the defendants' interrogatories and request for production of documents sought information in excess of the facts needed by the panel to make its determinations. Additionally, there is nothing in the record which would indicate that the medical review panel was hindered in its proceedings because of plaintiffs' failure to promptly respond to the defendants' requests. Finally, we note that it was the defendants who requested the continuance of the motion to compel set for September 29, 2008.

In sum, we find the trial court's dismissal of the plaintiffs' pending medical review panel proceeding an abuse of the trial court's discretion. It appears that this was a situation where there was a possible mis-communication between counsel. There was no bad faith on the part of the plaintiffs. Plaintiffs' counsel had only three days from service of the notice to respond to a lengthy interrogatory. We find that a less drastic sanction would be appropriate and that the defendants were not prejudiced in the preparation of their defense.

5

Accordingly, for the reasons stated, the judgment of trial court is reversed and set aside. The medical review panel is re-instated, and this proceeding is remanded for further proceeding, consistent with this opinion. All costs of this appeal are assessed against the defendants/appellees, Bayou Health Care, L.L.C., d/b/a Crossroads Regional Hospital, and Lexington Insurance Company.

**REVERSED AND SET ASIDE; REMANDED; MEDICAL REVIEW PANEL RE-INSTATED.**