CHUTZ, J.
Plaintiff-appellant, Dr. Richard Jeansonne, Jr., appeals the trial court's judgment, which sustained peremptory exceptions raising objections of no cause of action and prescription and dismissed claims of malicious prosecution and defamation against defendant-appellee, Ferdinand Bonano. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
After the death of his wife while she was hospitalized, Mr. Bonano, in proper person, requested the formation of a medical review panel (MRP), on May 8, 2012, naming Dr. Jeansonne, among other medical health care providers, as a defendant. In response to a request for specific allegations of negligence elicited by the Louisiana Patient's Compensation Fund,[1] Mr. Bonano stated the following:
Elaine Bonano was seen by Dr. Jeansonne after being admitted through the ER. He then agreed with the UTI diagnosis and began the treatment for the infection. She was then sent home after a short stay with oral medications. Within a day or two Elaine returned to the ER and again was admitted. Mr. Bonano was told that Elaine's doctors no longer came to [the hospital]. Therefore ... [another doctor] ... was called in and *1030 properly diagnosed Elaine with kidney infection not UTI. Mr. Bonano feels that the missed diagnosis was the beginning of the end.
A MRP was convened and met by telephone conference on December 3, 2013. The MPR unanimously concluded that Dr. Jeansonne had appropriately treated Mrs. Bonano when he had last seen her and that Dr. Jeansonne had not seen Mrs. Bonano during her final admission to the hospital.
Although Mr. Bonano did not institute a medical malpractice lawsuit, Dr. Jeansonne subsequently filed a petition for damages alleging malicious prosecution and defamation claims on January 7, 2015. According to Dr. Jeansonne, "[u]pon information and belief, Mr. Bonano knew Dr. Jeansonne could not have been responsible for Mrs. Bonano's death, and he had no evidence to support or even suggest such a claim when he requested the formation of the [MRP]."
Mr. Bonano filed an answer to Dr. Jeansonne's lawsuit in proper person, generally denying the allegations against him. After he obtained legal counsel, Mr. Bonano filed peremptory exceptions objecting on the basis of no cause of action and prescription. After a hearing, the trial court sustained an exception of no cause of action as to Dr. Jeansonne's malicious prosecution claim and an exception of prescription as to the defamation claim. Expressly concluding that an amendment to Dr. Jeansonne's petition would not cure the deficiency in the malicious prosecution claim, the trial court dismissed the lawsuit. Dr. Jeansonne appeals.
NO CAUSE OF ACTION
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Robinson v. Papania, 2015-1354 (La. App. 1st Cir. 10/31/16), 207 So.3d 566, 572, writ denied, 2016-2113 (La. 3/13/17), 216 So.3d 808.
On appeal, Dr. Jeansonne asserts the trial court erred in its conclusion that the convening of the MRP at Mr. Bonano's request, in proper person, was insufficient to state a cause of action in malicious prosecution where the MRP determined that Dr. Jeansonne had not failed to meet the applicable standard of care. Although Mr. Bonano did not pursue litigation after the unfavorable MRP determination, Dr. Jeansonne nevertheless maintains that the MRP's conclusion was tantamount to a bona fide resolution in his favor which is sufficient to support a claim for malicious prosecution.
The trial court correctly determined that to prevail in an action for malicious prosecution, a plaintiff must prove: (1) the commencement or continuance of an original criminal or civil proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff. Lemoine v. Wolfe, 2014-1546 (La. 3/17/15), 168 So.3d 362, 367 (citing Jones v. Soileau, 448 So.2d 1268, 1271 (La. 1984) ).
Thereafter, the trial court reviewed the following law:
In determining whether plaintiff has asserted a cause of action, the Court finds it necessary to examine the purpose *1031 behind the enactment of Louisiana's Medical Malpractice Act ("MMA").[2 ] In response to a perceived crisis in this state caused by prohibitive costs in connection with medical malpractice insurance, our Legislature enacted the MMA in 1975, with the intended purposes of reducing or stabilizing medical malpractice insurance rates and ensuring the availability of affordable medical services to the general public. McGlo t hlin v. Christus St. Patrick Hosp., 10-2775, p. 4 (La. 7/1/11), 65 So.3d 1218, 1225. In order to achieve these ends, the MMA provided qualified health care providers with a number of advantages in derogation of the general rights of tort victims. [See] Galloway v. Baton Rouge General Hosp., 602 So.2d 1003, 1005-06 (La. 1992) ; Everett v. Goldman, 359 So.2d 1256, 1262-63 (La. 1978). The legislative goals of the MMA are to encourage prompt settlement of good claims[,] the abandonment of poor claims and, most importantly, the fostering of prompt, professional medical services to the people of Louisiana. Derouen v. Kolb, 397 So.2d 791, [795] (La. 1981).
One of the principal advantages provided to qualified health care providers is that no action for malpractice against them or their insurers can be commenced in any court prior to submission of the complaint to a [MRP], composed of three health care providers and one attorney, and the panel's issuance of its expert opinion. [ La. R.S. 40:1299.47(B)(1)(a) [ (i) ] ;[3 ] McGlothlin, 65 So.3d at [1225]. The purpose of a [MRP] is to screen and filter claims in a "non-judicial setting" in hopes of weeding out any meritless claims without the delay or expense of a court trial. [See] Everett, 359 So.2d at 1264 ;
[see also] Perritt v. Dona, [2002-2601] (La. 7/2/03), 849 So.2d 56, 67 [ (Weimer, J., concurring) ].
Under this scheme, the sole duty of the [MRP] is to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant acted or failed to act within appropriate standards of care. La. R.S. 40:1299.47(G) ; McGlothlin, 65 So.3d at 1226. Any report of the medical review panel's expert opinion "shall be admissible as evidence in any action subsequently brought by the claimant in a court of law." La. R.S. 40:1299.47(H). However, such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the [MRP] as a witness. If called, the witness shall be required to appear and testify. A panelist shall have absolute immunity from civil liability for all communications, findings, opinions, and conclusions made in the course and scope of his duties pursuant to serving on a [MRP]. [ La. R.S. 40:1299.47(H).] The opinion is equivalent to expert medical evidence. McGlothlin, 65 So.3d at [1227]. Further, the panel makes no findings as to damages, and their conclusions are not binding. [ Derouen, 397 So.2d at 794 ].
The Court in Derouen noted that where "a judge has the power to decide the facts and law of a case and to render a final adjudication as to the rights of the parties involved, no such power exists for the [MRP]. The panel simply renders an expert opinion and does not have the power to adjudicate the rights of any party." Derouen, 397 So.2d at 794. A [MRP] is not a judge or a jury *1032 but merely a body of experts assembled to evaluate a medical claim and to provide an expert opinion. Derouen, 397 So.2d at [794-95].
In light of the jurisprudence, the trial court made the following determination:
As to the malicious prosecution claim, the Court concludes that a [MRP] is not a "civil judicial proceeding" nor does the rendition of an opinion by the [MRP], which has no dispositive effect, satisfy the requirement that there is a bona fide termination of the civil judicial proceeding in favor of plaintiff. To find that there is a cause of action for malicious prosecution arising out of a [MRP] proceeding would run contrary to one of the main purposes of the [MRP], which is to screen and filter meritless claims prior to the filing of an actual [lawsuit]. The Court notes that in this matter, Mr. Bonano did not file a medical malpractice [lawsuit] against Dr. Jeansonne.
Mindful that this court conducts a de novo review of a trial court's ruling sustaining an exception of no cause of action because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition, see Robinson, 207 So.3d at 572, we find no error. And because the grounds of the objection of no cause of action as to Dr. Jeansonne's malicious prosecution claim cannot be removed by amendment, the trial court correctly dismissed this claim. See La. C.C.P. art. 934 (providing that if the grounds of the objection raised through the exception cannot be removed by an amendment, the petition shall be dismissed).
PRESCRIPTION
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Statutes regulating prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. Benson v. State, Dep't of Revenue, 2017-0081 (La. App. 1st Cir. 9/15/17), 227 So.3d 847, 849.
The prescriptive period for defamation is one year. See Clark v. Wilcox, 2004-2254 (La. App. 1st Cir. 12/22/05), 928 So.2d 104, 112, writ denied, 2006-0185 (La 6/2/06), 929 So.2d 1252. And it is a plaintiff's knowledge of the damage-causing publication that commences the accrual of prescription. Id. (noting this court's determinations in Wiggins v. Creary, 475 So.2d 780, 781 (La. App. 1st Cir.), writ denied, 478 So.2d 910 (La. 1985) and Rice v. Felterman, 2000-2525 (La. App. 1st Cir. 3/28/02), 814 So.2d 696 ).
According to the trial court's review of the evidence in its written reasons for judgment:
Guy Leland, the [MRP] attorney chairman, testified at the hearing on the exceptions as follows: The [MRP] hearing was conducted by telephone conference on December 3, 2013, during which all doctors on the [MRP] participated at the same time. After consulting with one another by telephone, the [MRP] doctors reached their conclusion on December 3, 2013 that Dr. Jeansonne did not breach the applicable standard of care. The panel [members] dictated their opinion and the reasons for their opinion to Guy Leland on December 3, 2013. Counsel for each of the defendant physicians [were] given the opportunity on December 3, 2013 to ask the [MRP] doctors questions regarding their opinion and the reasons for their opinion. Each of the parties, through their legal counsel, [was] notified of the conclusions and opinion and reasons of the [MRP's]
determination on December 3, 2013. The opinion was read and emailed to counsel for each party, including counsel for Dr. Jeansonne on December 3, 2013.
*1033 Since the panel did not meet in person, the typewritten, unsigned Opinion and Reasons had to be circulated by mail for the various doctors' signatures as required by [ La. R.S 40:1299.47(A)(2)(a) ]. A letter dated January 13, 2014 was sent from Guy Leland to Ken Schnauder, Executive Director of the Louisiana Patient's Compensation Fund, informing him that the [MRP] had met on December 3, 2013 and decided the issues presented, enclosing the signed opinion and reasons of the panel. Counsel for all the defendant doctors, as well as Mr. Bonano personally, were sent a copy of this letter and the signed opinion and reasons of the panel by certified mail as required by law. A letter dated January 20, 2014 from Guy Leland was mailed to all counsel, including the attorney for Dr. Jeansonne, Mr. Aldric Poirier, Jr" and to Mr. Bonano, in proper person, with copies attached of the return receipt cards indicating the dates counsel for each party and Mr. Bonano, in proper person, received a copy of the signed opinion and reasons of the [MRP] by certified mail. The attachments showed that counsel for Dr. Jeansonne, Mr. Poirier, received the signed opinion and reasons by certified mail on January 14, 2014, and Mr. Bonano received the signed opinion and reasons by certified mail on January 16, 2014.
Mr. Leland testified [that] after the hearing on December 3, 2013 there was no other discussion of the case by the [MRP]. Leland noted that according to his records, the final letters in the matter were mailed on February 19, 2014, and the file was closed. He also opined that pursuant to the [MMA], Mr. Bonano would have had ninety days from January 16, 2014 ... to file a [lawsuit] in the district court for medical malpractice in this matter. [Footnotes omitted.]
In Dr. Jeansonne's challenge of the trial court's finding that December 3, 2013, when the MRP made its ruling at the telephone conference, was the date that prescription commenced to accrue on his defamation claim, he does not dispute the timeline of the MRP's actions or that he had knowledge of the damage-causing publication no later than December 3, 2013. Instead, relying on jurisprudence that holds an action for defamation arising out of allegations made in a judicial proceeding and against a party to that proceeding cannot be brought until the proceeding is terminated,[4] Dr. Jeansonne suggests that, similarly, he should not be required to file the defamation lawsuit until termination of the MRP proceeding, which he avers is ninety days after the claimant received the MRP's final decision as required under the Louisiana Medical Malpractice Act.[5] Thus, *1034 Dr. Jeansonne contends that, as a matter of law, prescription on the defamation claim did not begin to accrue until April 16, 2014, when Mr. Bonano's right to file a medical malpractice claim terminated. Alternatively, Dr. Jeansonne maintains that, as a matter of law, January 16, 2014, the date that the record indisputably establishes Mr. Bonano received the MRP's written opinion and reasons by certified mail as required by the Medical Malpractice Act,[6] was when the MRP's decision was finalized and, therefore, the accrual of prescription on his defamation claim commenced. Since Dr. Jeansonne filed his lawsuit on January 7, 2015, he asserts that commencement of accrual on either April 16, 2014 or January 16, 2014 demonstrates that his claim is timely.
Although evidence may be introduced to support or controvert the exception of prescription when the grounds thereof do not appear from the petition, see La. C.C.P. art. 931 and Benson, 227 So.3d at 849, given that Dr. Jeansonne does not dispute the timeline of the MRP's action, his assertion raises a question of law. As such, we apply the de novo standard of review. See State by & through Caldwell v. Fournier Industrie et Sante & Labs. Fournier, S.A. , 2015-1353 (La. App. 1st Cir. 12/22/16), 208 So.3d 1081, 1084.
In response to Dr. Jeansonne's legal contention, the trial court reasoned:
The purpose underlying [the requirement of termination of the judicial proceeding in which the alleged defamation arose] is to allow the party making the allegations "an opportunity to prove the truth of the allegations" in the suit in which they were made, [since] the truth or falsity of the words are at the heart of a defamation action. [ Clark, 928 So.2d at 111-12 ]; Ballex v. Naccari, 95-0057 (La. App. 4th Cir. 6/7/95), 657 So.2d 511, 512....
This Court is able to distinguish the instant case.... As previously pointed out, one of the purposes of a [MRP] is to provide for the screening and filtering of complaints in a non-judicial setting, with the panel rendering a non-conclusive expert opinion. Since a [MRP] does not have the power to adjudicate claims, the conclusions and opinion of the panel do not prove or disprove the allegations in the complaint as a matter of law, as is the case in a regular judicial proceeding or even an administrative hearing that provides the party aggrieved by the decision appeal rights to the district court. Therefore, the Court finds in this [matter] ... there is no requirement that an action for defamation arising out of allegations made in a [MRP cannot] be brought until the [MRP] is terminated. Instead, prescription begins to run when the plaintiff has knowledge of the allegedly defamatory publication.
On de novo review, we find no error in the trial court's rationale. And since Dr. Jeansonne had knowledge of the damage-causing publication no later than December 3, 2013, the trial court correctly sustained the exception of prescription and dismissed Dr. Jeansonne's defamation claim.
DECREE
Accordingly, we affirm the trial court's judgment, dismissing Dr. Jeansonne's claims against Mr. Bonano. Appeal costs are assessed against Dr. Richard Jeansonne, Jr.
AFFIRMED.

See La. R.S. 40:1299.44 re-designated as La. R.S. 40:1231.4 by La. H.C.R. No. 84 of the 2015 Regular Session.

See La. R.S. 40:1231.1. et seq.

By La. H.C.R. No. 84 of the 2015 Regular Session, La. R.S. 40:1299.47 was re-designated as La. R.S. 40:1231.8.

See e.g., Loew's, Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553, 561 (1959) ; Nolan v. Jefferson Parish Hosp. Serv. Dist. No 2, 2001-0175 (La. App. 5th Cir. 6/27/01), 790 So.2d 725, 730 ; Ballex v. Naccari, 95-0057 (La. App. 4th Cir. 6/7/95), 657 So.2d 511, 512 ; Grant v. Politz, 575 So.2d 915, 917 (La. App. 2d Cir. 1991) ; Thomas v. Mobley, 118 So.2d 476, 483 (La. App. 1st Cir.1960) ; Union Serv. & Maint. Co., Inc. v. Powell, 393 So.2d 94, 99 (La. 1980) (Watson, J., concurring), as this court noted in Simpson v. Perry, 2003-0116 (La. App. 1st Cir. 7/14/04), 887 So.2d 14, 16.

Specifically, La. R.S. 40:1299.47(L), re-designated as La. R.S. 40:1231.8(L) by La. H.C.R. No. 84 of the 2015 Regular Session, states, "Where the [MRP] issues its opinion required by this Section, the suspension of the running of prescription [on claimant's medical malpractice claim] shall not cease until ninety days following notification by certified mail to the claimant or his attorney of the issuance of the opinion as required by Subsection J of this Section." And Subsection (J) provides in relevant part, "The chairman shall submit a copy of the panel's report to ... all parties and attorneys by registered or certified mail within five days after the panel renders its opinion."

See La. R.S. 40:1299.47(J), re-designated as La. R.S. 40:1231.8(J) by La. H.C.R. No. 84 of the 2015 Regular Session.